UNITED STATES of America

v.

Anthony POLITI et al., Defendants.

No. 71 Cr. 857.

United States District Court,
S. D. New York.

Dec. 16, 1971.

Michael L. Sterrett, Sp. Atty., U. S. Dept. of Justice, of counsel; Whitney North Seymour, Jr., U. S. Atty., New York City, for plaintiff.

Irving Anolik, New York City, for Arthur Dilworth.

Joseph E. Brill, New York City, for Philip Politi.

Moses L. Kove, New York City, for Harry Weis and Frank Bracey.

Vincent Lanna, Yonkers, N. Y., for Anthony Politi.

Tom Dyson, Washington, D. C., for Pasquale Maselli.

Patrick M. Wall, New York City, for Frank Bracey.

GURFEIN, District Judge.

This is an indictment in two counts charging (1) a conspiracy to violate 18 U.S.C. § 1955 (Act of October 15, 1970, 84 Stat. 937)[1] and (2) a substantive

---

1. The text of Section 1955(a)–(c) reads:

"§ 1955. Prohibition of illegal gambling businesses

(a) Whoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business shall be fined not more than $20,000 or imprisoned not more than five years, or both.

(b) As used in this section—

violation of that section. There are eight defendants. Five of them, Anthony Politi, Philip Politi, Harry Weis, Frank Bracey and Arthur Dilworth, make the following motions: (1) for a bill of particulars; (2) for discovery and inspection; (3) for inspection of the Grand Jury minutes; (4) to suppress any evidence seized; (5) for *Brady* material; (6) for a severance; (7) to dismiss the indictment on the ground that 18 U.S.C. § 1955 is unconstitutional; (8) to dismiss the indictment on the ground that it fails to furnish the defendants a sufficient description of the charges against them; and (9) for a protective order against dissemination of any documents to the press.[2]

## MOTION FOR BILL OF PARTICULARS BY PHILIP POLITI, DILWORTH, WEIS AND BRACEY

The Government has consented to many of the items sought. The rest of the items need not be supplied by the prosecution except to the following extent.

As to Item 4c, the Government states that no electronic or mechanical surveillance has been made "connected with this case." The Government agrees to check whether there has been any electronic surveillance of the persons or premises of any of the defendants. This item will be held in abeyance.

> (1) 'Illegal gambling business' means a gambling business which—
> (i) is a violation of the law of a State or political subdivision in which it is conducted;
> (ii) involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business; and
> (iii) has been or remains in substantially continuous operation for a period in excess of thirty days or has a gross revenue of $2,000 in any single day.
> (2) 'Gambling' includes but is not limited to pool-selling, bookmaking, maintaining slot machines, roulette wheels or dice tables, and conducting lotteries, policy, bolita or numbers games, or selling chances therein.

As to Items 4e and 4f, the Government states that no searches or seizures were conducted except at the time of the arrest of the defendants; and agrees to furnish copies of search warrants, affidavits and inventory relating to those searches and seizures under Rule 16.

The motion to suppress evidence will be held in abeyance until this material is furnished. The defendants, if disposed to press the motion to suppress, should do it promptly thereafter.

■■ Items i, j and k are denied; i and j are requests for evidentiary matter; k calls for the date when the particular defendant entered the conspiracy. This is frequently shown by circumstantial proof and it would be unfair to limit the Government by limiting such proof. See United States v. Kahaner, 203 F. Supp. 78, 84 (S.D.N.Y.1962), aff'd, 317 F.2d 459 (2 Cir.) cert. denied, Keogh v. United States, 375 U.S. 836, 84 S.Ct. 73, 11 L.Ed.2d 65 (1963).

## THE MOTION FOR A BILL OF PARTICULARS BY ANTHONY POLITI

■■ The equivalent items denied in the foregoing are similarly denied. Defendant also seeks the manner or means by which he was involved in the subject illegal gambling business. The particulars of the agreement among conspirators are not required to be furnished. United States v. Tellier, 19 F.R.D. 164

> (3) 'State' means any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States.
> (c) If five or more persons conduct, finance, manage, supervise, direct, or own all or part of a gambling business and such business operates for two or more successive days, then, for the purpose of obtaining warrants for arrests, interceptions, and other searches and seizures, probable cause that the business receives gross revenue in excess of $2,000 in any single day shall be deemed to have been established."

2. Anthony Politi does not make Motions 3, 4, 6, 8 or 9.

(E.D.N.Y.1965), aff'd 255 F.2d 441 (2 Cir.) cert. denied, 358 U.S. 821, 79 S.Ct. 33, 3 L.Ed.2d 62 (1958). Defendant also seeks to know the exact dates when he allegedly picked up the policy gambling bets (3b) and whether there are any other overt acts not listed upon which the Government intends to offer evidence. The former is evidentiary; the latter is frivolous, for it seeks to * elicit the Government's whole case. These items are denied.

### BRACEY'S MOTION FOR A BILL OF PARTICULARS

■ Equivalent items previously denied in this memorandum are also denied as to Bracey. In addition, the defendant seeks to know where, other than the Southern District of New York, the places of the alleged conspiracy were (Item 1). The Government should so state so as to apprise the defendant of the geographical extent of the conspiracy in order to determine possible future double jeopardy. Bracey further wishes to know the specific involvement of each defendant and co-conspirator in the operation of the alleged gambling business (Item 3). This is evidentiary and would unduly limit the circumstantial evidence producible by the Government. See United States v. Kelley, 254 F.Supp. 9, 16 (S.D.N.Y.1966), aff'd in part and rev'd in part, 395 F.2d 727 (2 Cir.) cert. denied, 393 U.S. 963, 89 S.Ct. 391, 21 L. Ed.2d 376 (1968).

■ Defendant wishes to know the day or days when the gambling business had a gross revenue in excess of two thousand dollars. The indictment charges criminal activity for a period of little over two months. This is sufficiently narrow to enable the defense to prepare. See United States v. Lebron, 222 F.2d 531, 535 (2 Cir.) cert. denied, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955). This item is refused.

■ Defendant also seeks the time and place when all eight defendants accepted bets, etc. (Items 5, 6 and 7), the identity of persons present at overt acts (Item 9), the names of persons who made statements and their contents (Item 10). This is purely fishing for the Government's evidence. Item 10 will be available under 18 U.S.C. § 3500 at the proper time if those persons take the stand.

■ Finally, Bracey seeks a variety of information relating to the Grand Jury process which resulted in the indictment (Items 11–17). No facts are alleged to support the request. It will be denied except that, without mentioning the names of the witnesses, the Government should state whether *all* the evidence before the Grand Jury was hearsay; and if so, the name of the person with actual knowledge of the facts as to which the hearsay testimony was given (see United States v. Umans, 368 F.2d 725, 730 (2 Cir. 1966), cert. granted, 386 U.S. 940, 87 S.Ct. 975, 17 L.Ed.2d 872, cert. dismissed 389 U.S. 80, 88 S.Ct. 253, 19 L.Ed.2d 255 (1967)).

### MOTIONS FOR DISCOVERY AND INSPECTION

The Government has agreed to furnish the defendants with a copy of all statements made by a defendant to an agent of the Government, as well as an "aural overhear" of Weis by an FBI agent during a telephone conversation. It also has consented to allow inspection of all materials seized from the defendants as well as scientific tests.

■ The Court will not require the discovery of utterances made by defendants to non-Government agent witnesses that are not written or recorded. (Cf. United States v. Crisona, 416 F.2d 107 (2 Cir. 1969), cert. denied, DeLyra v. United States, 397 U.S. 961, 90 S.Ct. 991,

---

* After the opinion was handed down the Court also queried the Government in open court as to whether it intended to rely on any overt act, *dehors* the indictment, to prove the overt act element of the conspiracy. The Government replied in the negative.

25 L.Ed.2d 253 (1970); United States v. Dorfman, 53 F.R.D. 477 (S.D.N.Y.1971).

There is no showing of what the still or motion pictures taken by the Government purport to show. They may disclose the identity of witnesses. The discovery will be denied at this time subject to renewal of this motion not more than a week prior to trial.

## MOTION TO INSPECT GRAND JURY MINUTES

██ There is no showing of any irregularity in the Grand Jury proceedings nor is any other reason advanced to support a motion to dismiss the indictment (Rule 6(e) Fed.R.Crim.P.). See United States v. Kahaner, *supra*, 203 F. Supp. at 86–87; United States v. Costello, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956).

## MOTION FOR BRADY MATERIAL

The Government states it has none. The Court assumes that the United States Attorney's office understands its obligations under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and will come forward if any material within the purview of the *Brady* rule comes to light. See United States v. McCarthy, 292 F.Supp. 937, 940 (S.D.N.Y.1968).

## MOTION FOR A SEVERANCE

██ All moving defendants except Anthony Politi move for a severance pursuant to Rules 8 and 14, Fed.R. Cr.P. The motion is denied. The general rule is stated in United States v. Borelli, 435 F.2d 500, 502 (2 Cir. 1970), cert. denied, 401 U.S. 946, 91 S.Ct. 963, 28 L.Ed.2d 229 (1971). Persons jointly indicted should be tried together where the same evidence is involved. The charges are that all the defendants were involved in a single business. There is no showing of prejudice.

## MOTION TO DISMISS INDICTMENT—STATUTE UNCONSTITUTIONAL

The defendants move to dismiss the indictment upon the ground that Section 1955 of Title 18 of the U.S.Code is unconstitutional. It is contended: (1) that the Congress exceeded its powers in enacting the "Omnibus Crime Bill" because the section imposes no requirement that any particular transaction be shown to have involved or affected interstate commerce; and because the power to control gambling is reserved to the states under the tenth amendment, since it is a local activity; (2) that it creates presumptions against a particular class of people, which is not supportable, and is without a sufficient standard to protect their right to a fair trial or to enable them to make a defense; (3) that there is a presumption that the defendants have in fact violated state law without any proof thereof beyond a reasonable doubt; (4) that the classification of defendants of this class in a statute dealing with "organized crime" brands them in advance and, practically, makes them subject to presumptions which give the Government an unfair advantage in search and seizure, including electronic surveillance, which relieves the Magistrate from making his own independent evaluation of probable cause, as is constitutionally required under the fourth amendment; (5) in this connection, the fifth amendment is also said to be violated because the statute is a Bill of Attainder, proscribed by the Constitution, in that the Legislature has exercised judicial power against the class; (6) defendant Bracey further contends that the statute operates so unequally as to violate the due process clause in that it applies only to gambling activities which violate the law of the state in which they occurred; and since all states do not have the same law, treatment is constitutionally unequal.

At least seven district judges outside the Southern District have ruled the statute to be constitutional. Judge Weinfeld in this District has also so held. Since it is nevertheless my duty to decide the case presented to me I shall nevertheless briefly state my own views. I concur with my brethren.

■ The claim that the power to control gambling is beyond the power of the Congress under the tenth amendment is without merit. The tenth amendment obviously refers only to reserved powers which the Federal Government does not have. The Congress legislated under the Commerce Clause and any activity "affecting commerce" may be regulated by it. Perez v. United States, 402 U.S. 146, 150, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971). It may deal with a "class of activities" which affect commerce without proof that a particular activity against which a sanction has been laid had an actual effect on commerce. It is the activity regulated and not the particular acts committed by particular defendants that must be shown to be within congressional power. United States v. Darby, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609 (1941).

■ The presumption complained of is that "[i]f five or more persons conduct . . . a gambling business and such business operates for two or more successive days, then, for the purpose of obtaining warrants for arrests, interceptions, and other searches and seizures, probable cause that the business receives gross revenue in excess of $2,000 in any single day shall be deemed to have been established" (§ 1955(c)). The presumption does not relate to evidence at trial but merely to the establishing of probable cause that the statute has been violated. The Congress based its decision as to the "take" of gambling businesses from a study of previous arrests and the moneys there involved. There is a rational connection between the facts legislatively found and the presumption (Tot v. United States, 319 U.S. 463, 467, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943)). The Magistrate must still find probable cause, but he may presume a single element of the crime, if he otherwise has reasonable cause, including evidence of two days continuing operation. Neither the fourth nor the fifth amendment are violated by this procedure. There is still the interposition of a magistrate who must find probable cause. Cf. Cool-idge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

The other arguments are equally without merit or subsumed under the foregoing. They are generally answered in Perez v. United States, *supra*. The constitutional theories supporting the "loan shark" legislation are the same as those supporting the "gambling business" legislation. The Congress may create classes of criminals. It does so whenever it enacts a criminal statute with degrees of crime and with different amounts requiring different punishment. The classification is proper so long as it is not discriminatory.

■ The contention that the indictment is too vague cannot be sustained. It tells enough to define the crime charged and when it was committed.

A protective order will issue prohibiting the United States Attorney from distributing to the press in advance of trial any documents involved in the prosecution of the case, unless the United States Attorney states that he does not intend to do so. (Sheppard v. Maxwell, 384 U.S. 333, 359, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966)).

So ordered.