**UNITED STATES of America**

v.

**Grace SHERMAN, Defendant.**

**Nos. 76 Cr. 383 (HFW), 76 Cr. 641 (HFW).**

United States District Court, S. D. New York.

Nov. 4, 1976.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, for the United States by Joel N. Rosenthal, Asst. U. S. Atty., New York City, of counsel.

Arnold D. Levine, Tampa, Fla., for petitioner Grace Sherman.

## MEMORANDUM DECISION

WERKER, District Judge.

The defendant, Grace Sherman, is charged in two separate indictments, 76 Cr. 383, and 76 Cr. 641, with several counts of aiding and abetting William Sherman in the attempted evasion and defeating of income tax.

The court has before it a series of pretrial motions brought on by the defendant Grace Sherman seeking rulings on discovery requests as well as with regard to substantive matters.

## MOTIONS TO COMPEL DISCLOSURE OF EVIDENCE FAVORABLE TO THE DEFENDANT

The government consents to the motion to compel the disclosure of all evidence favorable to the defendant.

## MOTION FOR INQUIRY–ELECTRONIC SURVEILLANCE

The government opposes the motion for an inquiry to ascertain whether any mechanical or electronic surveillance was conducted by its various investigative agencies. The government indicates that it is unaware of any use of electronic surveillance. The Assistant United States Attorney further indicates that the IRS agents who investigated the case have assured him that they have no knowledge of any electronic surveillance of the defendant. The defendant's motion is devoid of any statement of facts which would serve as a basis for believing that Grace Sherman was the subject of electronic surveillance. The motion is therefore denied.

## MOTION PURSUANT TO 18 U.S.C. § 3504

■ As to defendant's motion pursuant to 18 U.S.C. § 3504,[1] the government has denied it committed any unlawful act in the nature of electronic surveillance conducted with reference to this defendant. By inference, the government similarly denies that it has obtained inadmissible evidence as a product of such an act. The government's response therefore resolves this motion.

## REQUEST FOR DISCOVERY AND INSPECTION

With respect to the defendant's motion requesting disclosure, the government consents to furnishing statements of the defendant within the possession of the government as requested in paragraph (a) of the motion. The government raises an objection however to the production of the substance of any witness's testimony on the grounds that this constitutes trial evidence. There is no disagreement on this point; the language used in the motion tracks the language of Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure exactly and, the defendant requests only the statements of the defendant, not those of any other witnesses.

■ The government declines to provide statements of the defendant made to persons not government agents on the grounds that such statements are the substance of the testimony of those persons and that the defendant is not entitled to discover evidentiary matter, *citing United States v. Politi*, 334 F.Supp. 1318, 1321 (S.D.N.Y.1971). That case stands for the proposition that the government is not compelled to produce statements of non-government agent witnesses if they are not written or recorded. However, the discovery requested by the defendant relates to statements which were made in response to interrogation either before or after arrest. This discovery request has not therefore been specifically addressed by the Assistant United States Attorney and citation to *United States v. Politi* is unilluminating. If such statements are in existence, the government is directed to produce them in accordance with Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure.

The government consents to furnishing a copy of the defendant's prior criminal record. It also consents to permit the inspection and copying of photograph books, papers, etc. within the possession of the government and which are material to the preparation of the defense or are intended for use by the government as evidence or were obtained from the defendant. The government further consents to the inspection and copying of the results of any examinations or scientific tests made in connection with the case.

## WITNESS LIST

The defendant has sought a list of witnesses the government intends to call together with the addresses and records of felony convictions of these persons. The government's opposition to this request is based on the contention that there has been no showing of particularized need for this information and that there is a risk of harassment to these witnesses by the defendants or others. The government notes that these indictments arise out a massive narcotics operation and that William Sherman, a man with a history of violent crimes and narcotics offenses, may obtain this in-

1. 18 U.S.C. § 3504 provides in pertinent part:
§ 3504. *Litigation concerning sources of evidence*
 (a) In any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, or other authority of the United States—
 (1) upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product of an unlawful act or because it was obtained by the exploitation of any unlawful act, the opponent of the claim shall affirm or deny the occurrence of the alleged unlawful act;

. . . . .

 (b) As used in this section 'unlawful act' means any act the use of any electronic, mechanical, or other device (as defined in section 2510(5) of this title) in violation of the Constitution or laws of the United States or any regulation or standard promulgated pursuant thereto."

formation and may threaten witnesses or that others of the many people involved in the alleged narcotics operation could try and affect the testimony of government witnesses. The government alleges that Grace Sherman has herself swayed the testimony of at least one grand jury witness—her sister—in the past. The basis for the final allegation is that when Ms. Sherman's sister was subpoenaed to testified before the grand jury in New York, that Grace Sherman accompanied her, consulted with her, and did in fact, in the opinion of the Assistant United States Attorney, cause an alteration in her sister's testimony.

■ It is within the court's discretion to grant or deny a request for the list of witnesses of the government. *United States v. Payseur*, 501 F.2d 966, 972 (9th Cir. 1974); *United States v. Addonizio*, 451 F.2d 49, 62 (3d Cir. 1971), *cert. denied*, 405 U.S. 936, 92 S.Ct. 949, 30 L.Ed.2d 812 (1972); *United States v. Persico*, 425 F.2d 1375, 1378 (2d Cir.), *cert. denied*, 400 U.S. 869, 91 S.Ct. 102, 27 L.Ed.2d 108 (1970); *Cf.* 18 U.S.C. § 3432. The principle to be followed, however, is that the defendant be permitted a fair and reasonable opportunity to prepare his defense. *United States v. Palmisano*, 273 F.Supp. 750, 752 (E.D.Pa. 1967).

■ The defendant indicated that such information would enable a proper and intelligent preparation of the case and eliminate surprise at the trial. She also claims that she does not know the people whose names are reflected in the indictment nor the community in which they reside or how they may be contacted. In *United States v. Cannone*, 528 F.2d 296, 302 (2d Cir. 1975), cited by defendant, the Second Circuit noted that a mere abstract conclusory claim that such disclosure is necessary to the proper preparation for trial is not a basis for granting such discovery at least where the government advanced specific grounds (that the defendants had been indicted for obstruction of justice by beating a grand jury witness) for denying the discovery request. The defendant has made no showing of a particularized need for this information

and has not met her burden of proof in this respect. *United States v. Payseur, supra.*

## MOTION TO DISMISS ON STATUTE OF LIMITATIONS GROUNDS

■ The defendant's contentions in her motion to dismiss on statute of limitations grounds is based on the contention that in order for a crime to constitute an offense under 26 U.S.C. § 7201 that there must be a positive act of evasion. Defendant therefore argues that the statute of limitations should run from the time of the commission of the affirmative act instead of from the date upon which a tax return for the year in question would have been due. The cases do indicate that in order for there to be a crime in the nature of attempting to defeat or evade taxes that there must be an affirmative act of evasion aside from an omission of the duty to make a return. *United States v. Ming*, 466 F.2d 1000, 1004 (7th Cir.), *cert. denied*, 409 U.S. 915, 93 S.Ct. 235, 34 L.Ed.2d 176 (1972); *United States v. Mesheski*, 286 F.2d 345, 346 (7th Cir. 1961); *United States v. Jannuzzio*, 184 F.Supp. 460, 464 (D.Del.1960). However, in a case cited by the government, *United States v. Myerson*, 368 F.2d 393, 395 (2d Cir. 1966) (*per curiam* ), *cert. denied*, 386 U.S. 991, 87 S.Ct. 1305, 18 L.Ed.2d 335 (1967), the Second Circuit, in calculating the running of the statute of limitations on a crime charged under 26 U.S.C. § 7201 noted that the six year statute of limitations as provided in 26 U.S.C. § 6531 runs from the last date upon which the tax return was due. It seems clear that the completion of the offense of attempting to defeat and evade taxes necessitates the filing of the return and thus depends upon the day when the return is in fact due. *Cf. United States v. Kafes*, 214 F.2d 887, 890 (3d Cir.), *cert. denied*, 348 U.S. 887, 75 S.Ct. 207, 99 L.Ed. 697 (1954) (the statute of limitations for this offense under the predecessor statute to § 6531 commenced running the day when payment became due). In *United States v. Mahler*, 181 F.Supp. 900 (S.D.N.Y.1960) (Weinfeld, J.), moreover, the defendants were charged with conspiracy to willfully evade taxes,

and as one of the overt acts the filing of a tax return was alleged. The issue in part was whether the date of mailing or the date of receipt of the tax return was the relevant date for the commencement of the running of the statute of limitations. The court determined that the relevant date was the date of receipt of the return. One of the acts which is alleged in the case at bar to be the violation of the tax statute is the failure to make an income tax return. Thus, the evasion of taxes would have been completed with the failure to make the income tax return, and the relevant date for the commencement of the running of the statute of limitations should be April 15, 1970. The filing of the indictment on April 15, 1976 was thus within the statute of limitations.

## MISCELLANEOUS MOTIONS TO DISMISS

Without addressing the manner in which the indictments in this case are specifically defective the defendant baldly makes the following contentions. Without specifying which of the two indictments to which she refers, defendant claims that all counts of the indictment are vague and ambiguous and that she may not therefore adequately prepare her defense as well as that the judgment in this case could not be pleaded as a bar to a later proceeding as a result. Secondly, she claims that the vagueness of the counts in the indictment (again the specific indictment is not alleged) deprives her of due process and is in violation of her sixth amendment right to be informed of the nature of the crime with which she is charged. Third, she claims that the indictment (again which one is not clear) joins offenses so as to prejudice the defendant in violation of her sixth amendment right to a fair trial and in violation of the due process clause of the fifth amendment. The indictment is said to be based on an unconstitutional statute or in the alternative, the statute upon which the indictment is based is unconstitutional as applied to the facts of this case. The provisions of the constitution allegedly violated are the fourth, fifth, sixth and fourteenth amendments. The de-

fendant further alleges that the indictment fails to state facts sufficient to constitute a crime or offense against the United States and that the facts do not constitute the violation of any statute that could be enacted. The defendant further seeks to have the indictment dismissed on the basis that illegal evidence was presented to the grand jury in violation of 18 U.S. § 119 [sic]. The defendant also alleges that the indictment is based on matters that were obtained as the consequence of an illegal search and that the indictment should therefore be dismissed. Finally, she alleges that the potential penalties that may be imposed under the allegedly unconstitutional statute constitute cruel and unusual punishment.

 As far as vagueness of the various counts of the two indictments is concerned, there is little doubt that the indictments here meet the standard required of an indictment in that they inform the defendant of "what he must be prepared to meet." *United States v. Salazar*, 485 F.2d 1272, 1277 (2d Cir. 1973), *cert. denied*, 415 U.S. 985, 94 S.Ct. 1579, 39 L.Ed.2d 882 (1974). The criteria for measuring the sufficiency of the indictment are:

> "[W]hether the indictment 'contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet," ' and, secondly, ' "in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." *Cochran and Sayre v. United States*, 157 U.S. 286, 290, 15 S.Ct. 628, 630, 39 L.Ed. 704; *Rosen v. United States*, 161 U.S. 29, 34, 16 S.Ct. 434, 480, 40 L.Ed. 606.' *Hagner v. United States*, 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861. See *Potter v. United States*, 155 U.S. 438, 445, 15 S.Ct. 144, 146, 39 L.Ed. 214; *Bartell v. United States*, 227 U.S. 427, 431, 33 S.Ct. 383, 384, 57 L.Ed. 583; *Berger v. United States*, 295 U.S. 78, 82, 55 S.Ct. 629, 630, 79 L.Ed. 1314; *United States v. Debrow*, 346 U.S. 374, 277–378, 74 S.Ct. 113, 115–116, 98 L.Ed. 92."

*Russell v. United States,* 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1047, 8 L.Ed.2d 240 (1962).

As noted in *United States v. Salazar, supra,* it is sufficient if the indictment tracks the language of the statute and as in this case specifies the amount of money allegedly earned and the amount of taxes that were allegedly evaded. *See also United States v. Fortunato,* 402 F.2d 79, 82 (2d Cir. 1968), *cert. denied,* 394 U.S. 933, 89 S.Ct. 1205, 22 L.Ed.2d 463 (1969).

As far as the defendant's conclusory claim that the joining of the offenses charged is prejudicial, it is hard to imagine the line of reasoning underlying this contention. The various counts in indictment number 76 Cr. 641 charge the defendant with aiding and abetting the attempted evasion and defeating of taxes for the calendar years 1970, 1971 and 1972. Joined in that indictment are counts charging William Sherman with attempted evasion and defeating of income taxes during the same years and also charging him on three counts of willful failure to file a return. The indictment in 76 Cr. 383 charges Grace Sherman with aiding and abetting William Sherman in attempting to evade and defeat income taxes for the calendar year of 1969 and also charges William Sherman in count 2 with failure to make an income tax return for the calendar year of 1969. No basis for prejudice would appear to exist on the basis of the kinds of counts which are joined here since the same proof would support the counts alleging her aiding and abetting the attempted evasion of taxes as would support the counts alleging the willful failure of William Sherman to file income tax returns for the same calendar years.

The various claims with respect to the unconstitutionality of the statute under which the defendant is charged are wholly frivolous. The constitutionality of the section is not in doubt. No basis is set forth as to why the statute is so characterized. *United States v. Coppola,* 425 F.2d 660, 661 (2d Cir. 1969) (*per curiam*). *Cf. United States v. Sullivan,* 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927) (upholding the constitutionality of former sections of the Revenue Act of 1921 proscribing the willful refusal to make a return).

Finally, as to the allegation that illegally obtained evidence was presented to the grand jury, no factual basis is set forth in support of this contention. As contended by the Assistant United States Attorney, even if the indictment was issued on the basis of illegally obtained evidence, this would not be a basis for the dismissal of the indictment. *United States v. Calandra,* 414 U.S. 338, 334–345, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); *Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956).

## REQUEST FOR NOTICE OF INTENTION TO USE EVIDENCE

With regard to defendant's request for notice of intention to use evidence, the government has consented to disclose the evidence which could be the subject of a motion to suppress.

## MOTION TO COMPEL DISCLOSURE OF PROMISES OF IMMUNITY, ETC.

The government has similarly consented to the motion to compel disclosure of the existence of and substance of promises of immunity, leniency of preferential treatment but with the provision that such material be provided on the evening prior to the trial day of the expected testimony of such witnesses. The defendant asks that this information be provided within ten days after this court's ruling with respect to this motion. The basis for the request for early disclosure is the claim that such commitments and promises made to government witnesses may have been communicated to attorneys or representatives of the witnesses rather than to the witnesses themselves and that therefore, it may not be possible to elicit such information during cross-examination of these individuals. The mere statement of the argument demonstrates its absurdity. The information which would be of concern to the defense attorney would be the information which the particular witness had as to any prom-

ises made to him. If the promise was never conveyed to the witness himself, the fact that the attorney or representative had received the information would be irrelevant. It seems to this court that providing the information sought on the eve of the day any particular witness is to testify is adequate notice to the defendant.

## MOTION FOR SEVERANCE

Finally, defendant Grace Sherman moves to have her trial severed from that of William Sherman. The defendant claims that her defenses and the defenses of William Sherman would be inconsistent. Moreover, defendant claims that testimony which William Sherman would offer at a separate trial which he would not testify to at a joint trial would wholly exonerate Grace Sherman. Finally defendant claims that a substantial amount of evidence admissible against William Sherman would be inadmissible against Grace Sherman and that the likelihood of guilt by association would therefore be great.

The claims that prejudice will arise due to inconsistent defenses and that prejudice will also accrue as a result of the inadmissibility with respect to Grace Sherman of evidence which is admissible against William Sherman are meritless. These arguments can be made in any case where more than one defendant is involved, and the defendant has set forth no facts to show that the effect of a joint trial in this particular case as a result of these factors would be prejudicial.

It is the defendant's burden of demonstrating sufficient prejudice to warrant a severance, *United States v. Finkelstein*, 526 F.2d 517, 525 (2d Cir. 1975), and the defendant has failed to carry her burden of proof on this motion.

An affidavit by William Sherman is affixed to the motion papers setting forth the fact that William Sherman is willing to testify in a separate trial that Grace Sherman never assisted in the concealment of income by William Sherman in the years charged, but also stating that he would not so testify in a joint trial. The affidavit also indicates that William Sherman has no intention of pleading guilty but that he intends to go to trial. The court has not been advised beyond the conclusory statements contained in the affidavit, of the nature of the testimony which is said to exculpate Grace Sherman. Without any information at this time as to the nature of the proof the government intends to put forth at the trial, and without any knowledge of the nature of the evidence which William Sherman could provide in rebuttal, there is no way for the court to evaluate the importance of this evidence to the defendant.

This case is distinguishable in this respect from a number of decisions in which a severance has been held to be appropriate. In *United States v. Shuford*, 454 F.2d 772 (4th Cir. 1971), for example, severance was found warranted to enable one defendant to take advantage of the testimony of a co-defendant where that person's testimony would be the only testimony available to rebut the statements of the key government witness. The specific content of the exculpatory testimony was known and was crucial to the defendant's defense. Similarly, in *United States v. Echeles*, 352 F.2d 892 (7th Cir. 1965), the court found severance to be required when the testimony of a co-defendant specifically refuted the facts upon which a charge of obstruction of justice was based. The statement of the co-defendant had been made several times in the context of an earlier trial of that co-defendant on a different offense, and thus the exact nature and significance of that testimony was known. Also in *United States v. Gleason*, 259 F.Supp. 282 (S.D.N.Y.1966), Judge Frankel severed the trial of two co-defendants where oral and written statements had been made by one co-defendant specifically supporting the main defendant's defense of lack of criminal intent in an income tax evasion case. By way of contrast, in *United States v. Crisona*, 271 F.Supp. 150 (S.D.N.Y.1967), where the significance and content of the alleged exculpatory testimony of a co-defendant could not be determined in advance of the trial, the court denied the motion for separate trials.

Furthermore, the likelihood of William Sherman's testifying as indicated in his affidavit has become subject to question. In a letter sent by the attorney for William Sherman to the attorney for Grace Sherman, a copy of which was sent to the court, William Sherman's attorney takes the position that he would not have advised his client to execute the affidavit in question.

The general rule in cases of defendants jointly charged in one indictment is that they be tried together. *Kroll v. United States*, 433 F.2d 1282 (5th Cir. 1970), *cert. denied*, 402 U.S. 944, 91 S.Ct. 1616, 29 L.Ed.2d 112 (1971). A motion for severance is addressed to the discretion of the court under Rule 14, Federal Rules of Criminal Procedure. *Byrd v. Wainwright*, 428 F.2d 1017 (5th Cir. 1970); *Barton v. United States*, 263 F.2d 894 (5th Cir. 1959). The defendant has not overcome the burden required to persuade the court otherwise by failing to make a clear showing as to what William Sherman would testify to. *Byrd v. Wainwright, supra* at 1020.

The motion for severance is therefore denied with leave to renew at the close of the government's case when the value of William Sherman's testimony can be better evaluated.

### THE GOVERNMENT'S MOTIONS

The government is entitled to reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure and such discovery is hereby directed.

The motion by the government for consolidation of the two indictments under Rule 13 of the Federal Rules of Criminal Procedure is granted. There is no reason why the offenses could not originally have been joined in a single indictment, the earlier numbered indictment charging the identical offenses in relation to an earlier year.

SO ORDERED.