**UNITED STATES of America, Appellee,**

v.

**John J. DiPETTO and Michele DiPetto, Defendants–Appellants.**

**No. 1647, Docket 90–1681.**

United States Court of Appeals, Second Circuit.

Argued May 22, 1991.

Decided June 18, 1991.

Jared J. Scharf, White Plains, N.Y., for defendants-appellants.

Brett Dignam, Tax Division., Dept. of Justice, Washington, D.C. (Shirley D. Peterson, Asst. Atty. Gen., Robert E. Lindsay, Alan Hechtkopf, Tax Div., Dept. of Justice, Washington, D.C.), for appellee.

Before VAN GRAAFEILAND, MESKILL and McLAUGHLIN, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of conviction of the United States District Court for the Southern District of New York, Cannella, *J.*, entered after a jury trial. John and Michele DiPetto were found guilty of four counts of willfully and knowingly attempting to evade income taxes in violation of 26 U.S.C. § 7201. On appeal the DiPettos contend the government failed to prove the elements of evasion of the assessment of income tax as it was charged in the indictment. They also claim that the statute of limitations applicable to any counts arising out of the false forms W–4 filed in 1983 had expired before the indictment was returned.

Affirmed.

We reject the DiPettos' arguments. There was ample evidence in the record to support the jury's conviction of the DiPettos for evasion of income tax as it was charged in the indictment. The Supreme Court has specified the three elements of income tax evasion: (1) "willfulness;" (2) "the existence of a tax deficiency;" and (3) "an affirmative act constituting the evasion or attempted evasion of the tax." *Sansone v. United States*, 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965). The evidence substantiated the jury's necessary conclusion that the DiPettos filed false forms W–4 in an attempt to mislead the government or conceal from the government the correct amount of their taxable income. Furthermore, by maintaining rather than correcting the false W–4s the DiPettos perpetuated their attempted deception. *See United States v. Williams*, 928 F.2d 145, 149 (5th Cir.1991). The filing and maintaining of the false forms W–4 satisfied the affirmative act requirement set forth in *Spies v. United States*, 317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418 (1943). After April 15 of each year in which the DiPettos failed to file tax returns a substantial tax was owed to the government. Finally, the record supports the finding that the DiPettos acted willfully in an attempt to avoid the income taxes. Thus, all elements of income tax evasion,

98

26 U.S.C. § 7201, were satisfied. *See Sansone*, 380 U.S. at 351, 85 S.Ct. at 1010.

We next focus our attention on the DiPettos' contention that the statute of limitations had expired with respect to those charges arising from the false W–4s filed in 1983. We reject this claim as well.

■ The Supreme Court has stated that the statute of limitations period does not begin to run until the underlying crime has been committed. *United States v. Habig*, 390 U.S. 222, 225, 88 S.Ct. 926, 928–29, 19 L.Ed.2d 1055 (1968). The DiPettos violated 26 U.S.C. § 7201 by attempting to mislead or to conceal with respect to their tax liability and then willfully failing to file a tax return. Both elements were required to satisfy section 7201. In view of *Habig* we conclude that the statute of limitations did not begin to run until both of these requirements were met. Thus, the limitations period began on the day on which the tax returns were due. At that point both elements of a section 7201 violation had been established. The false W–4s had previously been filed and there existed a substantial tax deficiency. In reaching this conclusion we are in accord with several other courts which have held that a section 7201 prosecution involving the failure to file income taxes is timely if commenced within six years of the day of the last act of evasion, whether it is the failure to file a return or some other act in furtherance of the crime. *See, e.g., Williams*, 928 F.2d at 149; *United States v. Ferris*, 807 F.2d 269, 271 (1st Cir.1986), *cert. denied*, 480 U.S. 950, 107 S.Ct. 1613, 94 L.Ed.2d 798 (1987) (if failure to file return is last act of evasion, the statute runs from the date the return and tax were due); *United States v. Crocker*, 753 F.Supp. 1209, 1214 (D.Del.1991) (in evasion action based on false W–4s and nonpayment of tax, statute begins to run from day that returns were due); *United States v. Sloan*, 704 F.Supp. 880, 883 (N.D.Ind. 1989) (limitations period runs from date of last act of evasion, the failure to file taxes); *United States v. Sherman*, 426 F.Supp. 85, 89 (S.D.N.Y.1976) (completion of offense necessary to commencement of limitations period).

We have reviewed the DiPettos' other contentions and find them to be lacking in merit.

For the foregoing reasons the judgment of conviction of the district court is affirmed.