18-1682-cr
*United States v. Terry*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand nineteen.

PRESENT:    RICHARD C. WESLEY,
            DENNY CHIN,
            RICHARD J. SULLIVAN,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee,*

            v.                                          18-1682-cr

GERARD TERRY,
                    *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                       ARTIE McCONNELL, Assistant United
                                    States Attorney (Susan Corkery,
                                    Assistant United States Attorney, *on the*

*brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT:        DANIEL M. PEREZ, Law Offices of Daniel M. Perez, Newton, New Jersey.

Appeal from the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Gerard Terry appeals from a judgment of conviction, entered June 1, 2018, convicting him, following a guilty plea, of one count of tax evasion. On May 29, 2018, Terry was sentenced principally to 36 months' imprisonment. Terry contends that his plea did not comply with the requirements of Federal Rule of Criminal Procedure 11 because the district court failed to inform him of the nature of the crime to which he was pleading guilty. He asks that we set aside his plea and remand to the district court for further proceedings. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Due process requires that a district court accept a guilty plea only where there is "an affirmative showing that it was intelligent and voluntary." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). "Rule 11 sets forth requirements for a plea allocution and is designed to ensure that a defendant's plea of guilty is a voluntary and intelligent choice among the alternative courses of action open to the defendant." *United States v.*

2

*Andrades*, 169 F.3d 131, 133 (2d Cir. 1999) (internal quotation marks omitted). Rule 11(b)(1) provides that before the court accepts a guilty plea, "the court must inform the defendant of, and determine that the defendant understands," among other things, "the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G); *see also United States v. Lloyd*, 901 F.3d 111, 119-20 (2d Cir. 2018). In doing so, however, the court is "not required to follow any particular formula," *Lloyd*, 901 F.3d at 120, because Rule 11 does "not . . . tell [the district court] precisely *how*" to "inform" and "determine" the requisite information, *United States v. Maher*, 108 F.3d 1513, 1520-21 (2d Cir. 1997).

Because Terry raised no Rule 11 objection below, we review his plea for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002). To successfully challenge a guilty plea conviction based on a Rule 11 violation, a defendant "must establish that the violation constituted a constitutional or jurisdictional error, or establish that the error resulted in a complete miscarriage of justice, or in a proceeding inconsistent with the rudimentary demands of fair procedure." *Zhang v. United States*, 506 F.3d 162, 168 (2d Cir. 2007) (internal quotation marks omitted). We evaluate whether a plea complied with Rule 11 by looking to the "totality of the relevant circumstances" under which the plea is taken. *Hanson v. Phillips*, 442 F.3d 789, 798 (2d Cir. 2006).

The elements of tax evasion are "(1) willfulness; (2) the existence of a tax deficiency; and (3) an affirmative act constituting the evasion or attempted evasion of

3

the tax." *United States v. Klausner*, 80 F.3d 55, 61 (2d Cir. 1996) (quoting *United States v. DiPetto*, 936 F.2d 96, 97 (2d Cir. 1991)). Count Two of the indictment charged Terry with nine affirmative acts, including (1) cashing over $500,000 worth of checks that represented income to avoid levy collection by the IRS and (2) creating and utilizing a checking account in the name of a corporate nominee to conceal such income and avoid levy by the IRS.

Terry's plea complied with the requirements of Rule 11. After determining that Terry -- a lawyer -- was "perfectly capable" of entering a plea, App'x at 15-16, and that he understood the rights he was waiving by pleading guilty, *id.* at 18-20, the district court asked Terry to describe "what [he] did with respect to . . . tax evasion," *id.* at 20. Although Terry admitted to seven of the nine overt acts listed in the indictment -- any one of which was sufficient to satisfy the elements of tax evasion -- the Court engaged in a lengthy colloquy with Terry and his counsel over two of the alleged acts. Specifically, Terry stated that he could not admit to cashing checks "to avoid levy collection by the IRS," *id.* at 32, and Terry's counsel informed the court that Terry used a corporate nominee but could not admit that the purpose was to avoid levy by the IRS, *id.* at 33. Nevertheless, Terry subsequently confirmed to the court that he willfully committed these acts, that they were not by mistake, and that the purpose of the acts "was to avoid the payment of taxes," *id.* at 34. Thus, Terry's plea demonstrates that he pled to each element of the crime charged: he stated that he (1) knowingly, willfully,

4

and deliberately, *id.* at 21, 23, 34, (2) in the face of a significant tax deficiency that spanned over a decade, *id.* at 20-21, (3) committed a number of affirmative acts for the purpose of "avoid[ing] the payment of taxes," *id.* at 34.

While the district court did not explicitly explain the elements of tax evasion, all three elements were discussed in detail, and the record certainly does not indicate that a miscarriage of justice has occurred. *See Zhang*, 506 F.3d at 168. Any error on the part of the district court was therefore harmless. *See* Fed. R. Crim. P. 11(h). Furthermore, Terry fails to articulate how his purported failure to understand the nature of tax evasion contributed to his decision to plead guilty. He thus fails to "show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004). He therefore cannot demonstrate plain error. We note that the plea colloquy in this case was not a model of clarity. District courts can avoid error, or the appearance of error, by using "a standard script for accepting guilty pleas, which covers all of the required information." *United States v. Pattee*, 820 F.3d 496, 503 & n.3 (2d Cir. 2016).

We have considered Terry's remaining arguments and find them to be without merit. For the reasons set forth above, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5