**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

CRAIG P. ORROCK,
*Defendant-Appellant.*

No. 19-10388

D.C. No.
2:16-cr-00111-
JAD-DJA-1

OPINION

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted October 19, 2021
San Francisco, California

Filed January 26, 2022

Before: Bridget S. Bade and Patrick J. Bumatay, Circuit
Judges, and Richard M. Berman,[*] District Judge.

Opinion by Judge Bumatay

---

[*] The Honorable Richard M. Berman, United States District Judge for the Southern District of New York, sitting by designation.

**SUMMARY**[**]

**Criminal Law**

The panel affirmed a conviction for evading the assessment of taxes under 26 U.S.C. § 7201, in a case in which a jury convicted the defendant on this evasion charge along with two other tax offenses.

The government accused the defendant of tax evasion for concealing income he received from the sale of a vacant lot that he controlled. Rather than report the sale proceeds on his personal tax return, the defendant belatedly disclosed the sale in the return of a partnership that he also controlled. In that return, he significantly underreported the sale proceeds.

The defendant argued that the statute of limitations barred his conviction for the evasion of the assessment of taxes. In essence, he contended that the statute of limitations ran from the date he filed his false personal tax return, not from the later act of filing the partnership return. Although some language in this court's prior cases may seemingly support the defendant's argument, the panel took this opportunity to clarify that the statute of limitations for evasion of assessment cases under § 7201 runs from the last act necessary to complete the offense, either a tax deficiency or the last affirmative act of evasion, whichever is later. In so ruling, the panel aligned evasion of assessment cases with evasion of payment cases, and joined all the other circuit courts that have addressed the issue. Because the indictment was filed within six years of the defendant's last affirmative

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

act of evasion, the filing of the partnership tax return, the panel saw no bar to the defendant's prosecution for the evasion of assessment of taxes.

In a concurrently filed memorandum disposition, the panel addressed the defendant's other contentions on appeal, and affirmed in part and vacated in part.

## COUNSEL

Michael Tanaka (argued), Law Office of Michael Tanaka, Los Angeles, California, for Defendant-Appellant.

Gregory S. Knapp (argued), Katie Bagley, and Joseph B. Syverson, Attorneys; S. Robert Lyons, Chief, Criminal Appeals & Tax Enforcement Policy Section; David A. Hubbert, Acting Assistant Attorney General; Tax Division, United States Department of Justice, Washington, D.C.; for Plaintiff-Appellee.

## OPINION

BUMATAY, Circuit Judge:

Craig P. Orrock was accused of tax evasion for concealing income he received from the sale of a vacant lot that he controlled. Rather than report the sale proceeds on his personal tax return, he belatedly disclosed the sale in the return of a partnership that he also controlled. In that return, he significantly underreported the sale proceeds. For this offense, the government charged Orrock with evading the

assessment of taxes under 26 U.S.C. § 7201.[1] A jury convicted Orrock on this tax evasion charge along with two other tax offenses.

On appeal, Orrock argues that the statute of limitations barred his conviction for the evasion of the assessment of taxes. In essence, he contends that the statute of limitations ran from the date he filed his false personal tax return, not from the later act of filing the partnership return. Although some language in our prior cases may seemingly support Orrock's argument, we take this opportunity to clarify that the statute of limitations for evasion of assessment cases under § 7201 runs from the last act necessary to complete the offense, either a tax deficiency or the last affirmative act of evasion, whichever is later.[2] *See United States v. Carlson*, 235 F.3d 466, 470 (9th Cir. 2000).

## I.

On July 25, 2001, Orrock, a former Internal Revenue Service attorney, persuaded his friend, Roger Thompson, to purchase a vacant lot in Nevada, known as the "Arville" property. Thompson purchased the property for $80,000 and, at Orrock's direction, transferred ownership to Arville Properties, LLC, a company set up by Orrock and managed through another entity solely owned by Orrock. The government alleged that Orrock was the true owner of the

---

[1] Unless otherwise indicated, all section (§) citations refer to Title 26 of the U.S. Code.

[2] In a concurrently filed memorandum disposition, we address Orrock's other contentions on appeal. In that memorandum, we affirm in part and vacate in part.

Arville property as he controlled Arville Properties and was the sole signer of the company's bank account.

On February 21, 2007, Orrock, through Arville Properties, organized the sale of the Arville property for $1.5 million. As Arville Properties served as a nominee for Orrock, the government contended that Orrock received $914,433 in taxable income from the sale. Such income would lead to a $314,483 tax liability for Orrock. Orrock filed his 2007 personal tax return on February 19, 2009, but he did not report any income from the Arville property sale.

Several years later, in February 2011, an IRS revenue agent began a civil audit of Orrock's 2007 personal tax return. Three months later, on May 9, 2011, Orrock filed a tax return for Arville Properties, which substantially underreported the gain from the 2007 Arville sale. The partnership return reported a sales price of about $1.4 million, a tax basis of about $1.2 million, and a gain of about only $200,000. In reality, the sale was for $1.5 million and only had a basis of about $90,000.

On April 12, 2016, a grand jury indicted Orrock on three tax felonies: (1) evasion of the payment of taxes under § 7201; (2) evasion of assessment of taxes also under § 7201; and (3) obstruction of the administration of tax laws under § 7212(a). The evasion of tax assessment count stemmed from the 2007 sale of the Arville property. The indictment on that charge read:

> That in or about February 2007, and continuing to at least on or about May 9, 2011, in the District of Nevada, CRAIG P. ORROCK, did willfully attempt to evade and defeat the assessment of a large part of the income tax due and owing by him to the

United States of America for the calendar
year 2007, by concealing both ownership of
property he held through a nominee known as
Arville Properties, LLC, and the proceeds
from the sale of such property from the
Internal Revenue Service, and thereby
evading the proper assessment of his 2007
federal income taxes.

All in violation of Title 26, United States
Code, Section 7201.

Orrock moved pretrial to dismiss the evasion of
assessment count based on the statute of limitations. The
district court denied his motion, holding that because the
government sufficiently alleged that Orrock committed an
affirmative act of evasion in May 2011, the indictment fell
within § 7201's six-year statute of limitations.

A jury convicted Orrock on all counts. Orrock appeals
his § 7201 evasion of assessment conviction. We review the
district court's interpretation of the statute of limitations de
novo and any factual findings underlying the decision for
clear error. *United States v. Jenkins*, 633 F.3d 788, 797 (9th
Cir. 2011).

## II.

On appeal, Orrock continues to assert that his § 7201
conviction for evasion of assessment was barred by the
statute of limitations. He contends that the six-year
limitations clock started on February 19, 2009, when he filed
his 2007 personal tax return without disclosing income from
the sale of the Arville property. At that point, he alleges, all
the elements of the § 7201 offense were satisfied, triggering
the limitations period. In Orrock's view, any *further* act of

evasion after completion of the offense, such as the filing of the partnership tax return, can't extend the limitations period.   If Orrock's interpretation is correct, then the limitations period expired in February 2015, and the indictment's filing in April 2016 was more than 13 months too late.

But the government advances a different view.  Although the government agrees that the statute of limitations can start once all the elements of the offense are satisfied, it also maintains that the limitations period can run from the last affirmative act furthering the tax evasion.   Under that interpretation, the government alleges that Orrock committed another, final act of evasion on May 9, 2011, when he filed the partnership tax return.  If the government is right—that Orrock's last act of evasion restarts the statute of limitations—then the indictment was brought 13 months *before* the expiration of the limitations period.

We hold that the government's position is correct and affirm.

## A.

The Tax Code makes it a felony to "willfully attempt[] in any manner to evade or defeat any tax . . . or the payment thereof."  26 U.S.C. § 7201.  A person may violate § 7201 in two ways: (1) by evading the assessment of taxes or (2) by evading the payment of taxes.  *See United States v. Mal*, 942 F.2d 682, 689 (9th Cir. 1991) ("[Section] 7201 proscribes a single crime—tax evasion—which may be accomplished either by evading the assessment of tax or the payment of tax.").  To obtain a conviction under § 7201 under either theory, the government must prove three elements: "1) the existence of a tax deficiency,

2) willfulness, and 3) an affirmative act of evasion or affirmative attempt to evade." *See Carlson*, 235 F.3d at 468.

The statute of limitations for a violation of § 7201 is six years. *See* 26 U.S.C. § 6531(2) ("[T]he period of limitation shall be 6 years . . . for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof[.]").  As with most crimes, the statute of limitations on § 7201's evasion of assessment offense may "begin[] to run from the occurrence of the last act necessary to complete the offense." *Carlson*, 235 F.3d at 470.  Normally the last act is the existence of a tax deficiency, which occurs on April 15 after the tax year—"when tax returns are due." *Id.*

But importantly, nothing in the text of § 6531(2) or § 7201 dictates that the limitations period may *only* begin once all the elements of the offense are satisfied.  Rather, both § 6531 and § 7201 broadly refer to the evasion of taxes "in any manner."  As a textual matter then, there is no limit to the method of evasive actions chargeable under § 7201. *See Spies v. United States*, 317 U.S. 492, 499 (1943) ("Congress did not define or limit the methods by which a willful attempt to defeat and evade might be accomplished and perhaps did not define lest its effort to do so result in some unexpected limitation.").  Thus, under § 7201, the government may prosecute a defendant for any acts furthering the evasion of taxes, even after all the elements of a § 7201 offense have first been met. *Cf. Cohen v. United States*, 297 F.2d 760, 770 (9th Cir. 1962) ("One can . . . evade and defeat the tax by a combination of such things as failing to file a return, filing a false return, failing to keep records, concealing income, or other means."); *see also United States v. Anderson*, 319 F.3d 1218, 1220 (10th Cir. 2003) ("[E]vasive acts following the filing of a return may be considered part of the offense[.]").  Concomitant with that

authority, § 6531(2) extends the statute of limitations to any evasive acts committed "in any manner"—again even after all elements of § 7201 are first met.

As we said more than thirty years ago, "[e]ven if the taxes evaded were due and payable more than six years before the return of the indictment, the indictment is timely so long as it is returned within six years of an affirmative act of evasion." *United States v. DeTar*, 832 F.2d 1110, 1113 (9th Cir. 1987).[3]  Indeed, it would be a "surprising assertion that Congress intended the limitations period to begin to run before [the defendants] committed the acts upon which the crimes were based." *United States v. Habig*, 390 U.S. 222, 224–25 (1968); *see id.* at 225–27 (holding that the statute of limitations for § 7201 runs from the actual filing of the tax return if filed after the filing deadline).

We thus conclude that the statute of limitations for § 7201 evasion of assessment offenses runs from the last act necessary to complete the offense, the later of either: (1) a tax deficiency, or (2) the last affirmative act of tax evasion. In so ruling, we align evasion of assessment cases with evasion of payment cases, *see Carlson*, 235 F.3d at 470 ("[T]he six year limitations period in evasion of payment cases runs from the last act of evasion[.]"), and join all the other circuit courts that have addressed the issue*. See, e.g.*, *United States v. Ferris*, 807 F.2d 269, 271 (1st Cir. 1986); *United States v. DiPetto*, 936 F.2d 96, 98 (2d Cir. 1991) (per curiam); *United States v. Wilson*, 118 F.3d 228, 236 (4th Cir.

---

[3] We are mindful that the defendant in *DeTar* attempted to evade the *payment* of taxes, 832 F.3d at 1113, while Orrock challenges his evasion of *assessment* conviction.  But, as we explain below, we see no reason to impose separate limitations periods for evasion of payment and evasion of assessment cases.

1997); *United States v. Irby*, 703 F.3d 280, 283 (5th Cir. 2012) (per curiam); *United States v. Dandy*, 998 F.2d 1344, 1355–56 (6th Cir. 1993); *United States v. Trownsell*, 367 F.2d 815, 816 (7th Cir. 1966) (per curiam); *United States v. Perry*, 714 F.3d 570, 573–74, 573 n.2 (8th Cir. 2013); *United States v. Anderson*, 319 F.3d 1218, 1218–19 (10th Cir. 2003); *United States v. Winfield*, 960 F.2d 970, 973–74 (11th Cir. 1992) (per curiam).

We accordingly see no bar to Orrock's prosecution for the evasion of assessment of taxes.  Rather than charge Orrock with the filing of the February 2009 personal tax return that theoretically completed the § 7201 crime, the government opted to charge him with his last affirmative act of evasion—the filing of the May 2011 partnership tax return.  Such a prosecution was timely because the indictment was filed within six years of that affirmative act.

## B.

Admittedly, Orrock's interpretation of the law seemingly has some support from one of our prior unpublished cases. In *United States v. Galloway*, a panel of our court construed *Carlson*'s language about the statute of limitations running from the "last act necessary to complete the offense" as establishing the sole method for calculating the limitations period for evasion of assessment cases.  802 F. App'x 247, 248–49, 249 n.2 (9th Cir. 2020) (unpublished).  In other words, the panel interpreted *Carlson* to exclude any other later evasive acts from restarting the limitations period.  But put in context, *Carlson* was not meant to be construed in such a cramped manner.  Rather, we read *Carlson* to establish the basic proposition that, at the earliest, the limitations period begins once all the elements of § 7201 are complete.  This is clear for three reasons.

First*, Carlson* did not deal with the situation we have here—when a defendant committed another act of evasion *after* all the elements of § 7201 were first met. Instead, *Carlson* addressed a defendant's assumption that the statute of limitations began to run from his affirmative acts of evasion, even though they were committed *before* the existence of a tax deficiency. 235 F.3d at 468, 470. But, as *Carlson* noted, § 7201 requires a tax deficiency and so no crime is committed until the deficiency occurs—which is "normally" April 15 following the tax year. *Id.* at 470. So even though the defendant only committed affirmative acts of evasion before tax returns were due, we held that the statute of limitations didn't begin to run until all the elements of the offense were satisfied—April 15, in that case. *Id.* But nothing in *Carlson* forbids a timely prosecution if the indictment is filed within six years of the last affirmative act of evasion so long as all other elements of the charge are met. Rather, *Carlson* crafted its language to address the particular facts and argument presented in that case and did not preclude the rule we adopt today for later affirmative acts of evasion.

Second, we later recognized in *Carlson* that the statute of limitations may "run[] from the last act of evasion" for *evasion of payment* cases. *Id.* We do not think that *Carlson* intended to create separate rules for evasion of assessment and evasion of payment cases, which Congress enacted by the same statutory text and designed to punish the same, "single crime of tax evasion." *Mal*, 942 F.2d at 688. Thus, no reason exists to "draw[] a distinction between evasion of assessment and payment for the purposes of applying the statute of limitations." *United States v. Hunerlach*, 197 F.3d 1059, 1065 (11th Cir. 1999). We therefore read *Carlson* as treating evasion of assessment and evasion of payment cases the same for calculating the limitations period.

Finally, *Carlson* cited approvingly to authorities that recognize that the statute of limitations may run from the last affirmative act of evasion for evasion of assessment cases. When articulating the holding that the limitations period ran from the "last act necessary to complete the offense," we cited *United States v. Payne*, 978 F.2d 1177, 1179 (10th Cir. 1992), *DiPetto*, 936 F.2d at 98, and *United States v. Williams*, 928 F.2d 145, 149 (5th Cir. 1991). *Carlson*, 235 F.3d at 470. *Payne* and *DiPetto* expressly support our holding today that a post-filing deadline, evasive act may extend the limitations period. In *Payne*, the Tenth Circuit recognized that the statute of limitations may begin with the "last affirmative act of evasion" when the defendant has already incurred a tax deficiency. 978 F.2d at 1179 n.2. In *DiPetto*, the Second Circuit expressly held that a prosecution is "timely if commenced within six years of the day of the last act of evasion, whether it is the failure to file a return or some other act in furtherance of the crime." 936 F.2d at 98. Finally, in *Williams*, the Fifth Circuit "express[ed] no opinion relative to the effect of affirmative acts occurring subsequent to the filing date." 928 F.2d at 149. But, as stated above, the Fifth Circuit later adopted the rule we follow today—that an affirmative act after the filing deadline may extend the statute of limitations. *See Irby*, 703 F.3d at 283–84.

## III.

In sum, evasion of assessment and evasion of payment offenses are two ways to commit the same § 7201 offense. And we hold that the last affirmative act of evasion rule applies to both cases. Given the indictment was brought within six years of Orrock's last evasive act, we affirm his conviction on the evasion of assessment charge.

**AFFIRMED.**