UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard P. HAIRSTON,
Defendant-Appellant.

No. 85–2692.

United States Court of Appeals,
Tenth Circuit.

May 29, 1987.

Danny Quintana, Salt Lake City, Utah, for defendant-appellant.

Tena Campbell, Asst. U.S. Atty. (Brent D. Ward, U.S. Atty., with her on brief), Salt Lake City, Utah, for U.S.

Before McKAY and BALDOCK, Circuit Judges, and BROWN *, District Judge.

McKAY, Circuit Judge.

Richard P. Hairston was found guilty by a jury of three counts of willfully failing to file income tax returns for the years 1980, 1981, and 1982 [1] in violation of 26 U.S.C. § 7203 (Supp. III 1985).[2]

## I.

The record shows that Mr. Hairston filed income tax returns for the years 1973 through 1976, inclusive. In the spring of 1976, his 1975 tax return was audited, and Mr. Hairston was required to pay an additional $465 in taxes. Mr. Hairston then began purchasing literature published by, and attending tax seminars conducted by, Irwin Shiff, William J. Benson, Marvin L. Cooley, George Gordon, and others associated with the so-called "tax protest movement" who claim that the sixteenth amendment was never properly ratified and that filing tax returns is completely voluntary. He even attended some criminal trials of those charged with failure to file and visited acquaintances imprisoned on tax-related charges. *See* record, vol. 2, at 137, 168. On several occasions, he freely voiced his views that the tax laws were illegal and unconstitutional. *See id.* at 137, 161–67.

In the years 1977, 1978, 1979, and 1980, Mr. Hairston filed returns completed with only the words "object," "self-incrimination," or "none." He filed no returns in 1981 and 1982. He received numerous registered letters from the Internal Revenue Service informing him of his obligation to file a return and the possibility of criminal liability for failure to comply. In the years 1980, 1981, and 1982, Mr. Hairston submitted thirty-one withholding certificates commonly known as "W–4s" on which he claimed to be exempt from withholding requirements.

Mr. Hairston's defense at trial was that he did not file due to a bona fide misunderstanding as to his legal duty to file a return. A good faith misunderstanding of the duty to file a return can negate the willfulness element of a failure-to-file charge. *See United States v. Murdock*, 290 U.S. 389, 396, 54 S.Ct. 223, 226, 78 L.Ed. 381 (1933); *United States v. Ware*, 608 F.2d 400, 405 (10th Cir.1979). The misunderstanding need not have a reasonable basis to provide a defense. *See United States v. Phillips*, 775 F.2d 262, 264 (10th Cir.1985). We have held that "a subjective standard is appropriately applied in assessing a defendant's claimed belief that the law did not require that he file a return."

---

* Honorable Wesley E. Brown, Senior United States District Judge for the District of Kansas, sitting by designation.

1. Mr. Hairston stipulated that he received gross income of $13,778.40 in 1980, $26,248.44 in 1981, and $24,615.79 in 1982. Stipulation, record, vol. 1, at 46.

2. 26 U.S.C. § 7203 provides in pertinent part: "Any person required under this title ... to make a return ... who willfully fails to ... make such return ... at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor...."

*Id.* Mr. Hairston claimed that the seminars he attended and literature he read caused him to believe that filing a return was voluntary and that he was under no legal duty to file.[3]

## II.

On appeal, Mr. Hairston first argues that the trial court erred in failing to admit into evidence the tax protest literature upon which he ostensibly relied in forming his belief that he was under no legal obligation to file. The court allowed Mr. Hairston to testify extensively with respect to the seminars he attended and tax literature he purchased "that might have led him to make a mistake." Record, vol. 3, at 26. Titles were quoted, passages were read, and the thrust of the materials were summarized. *See id.* at 18–36. In fact, the majority of Mr. Hairston's testimony pertained to the various materials and his interpretation of them, and Mr. Hairston was the sole defense witness. Nearly the entire closing argument was devoted to this defense. *See id.* at 70–77.

The literature dealt exhaustively with the constitutionality of the tax laws. Because a good faith disagreement with the laws or good faith belief that they are unconstitutional provides no defense, *see supra* note 2, the court found that the materials themselves might mislead or confuse the jury[4] and disallowed them under Fed.R.Evid. 403.[5] "[A] trial court's determination that [relevant] evidence's probative value is outweighed by its potential for prejudicing or confusing a jury" will not be disturbed on appeal "absent a showing of clear abuse of discretion." *Beacham v. Lee-Norse,* 714

F.2d 1010, 1014 (10th Cir.1983); *see also Higgins v. Martin Marietta Corp.,* 752 F.2d 492, 497 (10th Cir.1985); *Texas E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.,* 579 F.2d 561, 567 (10th Cir.1978).

The critical inquiry for the jury was whether Mr. Hairston subjectively believed that he did not need to file under the law's requirements. Because his subjective belief was central, direct testimony from Mr. Hairston regarding the effect these seminars and publications had on his understanding of the tax law filing requirements was more probative of his proffered defense than the publications themselves. The court did not prevent Mr. Hairston from mounting a defense, as the appellate brief suggests, but rather exercised its discretion regarding the form in which such evidence should be admitted so as to minimize jury confusion. The defense theory was argued, and the jury had the testimonial evidence to consider. We hold that the trial court did not abuse its discretion in prohibiting the documentary evidence offered by defendant. *See United States v. Latham,* 754 F.2d 747, 751 (7th Cir.1985) (affirming trial court's exclusion of tax protest literature while allowing defendant to quote portions of its contents because entire text of such literature may mislead or confuse jury); *United States v. Kraeger,* 711 F.2d 6, 7–8 (2d Cir.1983) ("trial court did not abuse its discretion in excluding documentary evidence, including federal court decisions, which appellant claims to have read in forming his opinions regarding the tax laws" because likely to confuse jury regarding applicable law).

> Members of the jury, I am receiving this evidence only as it might bear upon the question of whether or not this defendant made a mistake. The content of this material should be disregarded by you except in that context. I will tell you at the conclusion of the evidence in this case what the applicable law is. Record, vol. 3, at 35.

---

**3.** Mr. Hairston did not, and could not, argue that he understood the obligations imposed upon him by law but that his good faith belief that the law is unconstitutional negated the willfulness element. *See Ware,* 608 F.2d at 405 (defendant's disagreement with the law or his belief it is unconstitutional does not constitute defense of good faith misunderstanding of filing requirements); *United States v. Dillon,* 566 F.2d 702, 704 (10th Cir.1977), *cert. denied,* 435 U.S. 971, 98 S.Ct. 1613, 56 L.Ed.2d 63 (1978).

**4.** The court's warranted concern is reflected in its instructions to the jury with respect to the limited relevancy of the tax materials being discussed during Mr. Hairston's testimony.

**5.** Fed.R.Evid. 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

## III.

■ The court prohibited Mr. Hairston from testifying whether he would have received a refund had he timely filed a tax return for the year 1980. *See* record, vol. 3, at 37. Mr. Hairston contends that demonstrating that he would have received a refund confirms a lack of willfulness on his part. However, in a failure to file action under 26 U.S.C. § 7203, the Government is not required to show that a tax is due nor must it show an intent to evade taxes. Willful tax evasion is a distinct violation under 26 U.S.C. § 7201 (1982).[6] *Cf. United States v. Afflerbach*, 547 F.2d 522, 524 (10th Cir.1976) (Government must prove substantial income tax deficiency in tax evasion case), *cert. denied*, 429 U.S. 1098, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977). The willfulness under section 7203, is a willful failure to file a return, not a willful evasion of income taxes. "[T]o act willfully in this context means to act 'voluntarily, purposefully, deliberately, and intentionally, as distinguished from accidentally, inadvertently, or negligently.'" *United States v. Dillon*, 566 F.2d 702, 704 (10th Cir.1977) (quoting trial court), *cert. denied*, 435 U.S. 971, 98 S.Ct. 1613, 56 L.Ed.2d 63 (1978). The trial court did not abuse its discretion in ruling that evidence of a possible tax refund was irrelevant in a failure-to-file case. *See Beacham*, 714 F.2d at 1014; *Texas E. Transmission Corp.*, 579 F.2d at 566.

## IV.

■ Finally, defendant appeals the trial court's ruling that evidence of his state of mind "beyond the last filing date that the government charges is not relevant." Record, vol. 3, at 41. The Third Circuit has for good reason rejected the contention that "any evidence respecting events after the due dates for the filing of returns for the respective years is irrelevant to the crucial question of [the defendant's] state of mind at the time he failed to make the required returns." *United States v. Greenlee*, 517 F.2d 899, 903 (3d Cir.), *cert.*

*denied,* 423 U.S. 985, 96 S.Ct. 391, 46 L.Ed.2d 301 (1975). In *Greenlee,* the Government, not the defendant, was permitted to introduce evidence accruing subsequent to the filing deadlines that supported its claim of willfulness in the defendant's prior failure to file. Nevertheless, if willfulness at the time of the filing deadline may permissibly be proved circumstantially by acts subsequent to that deadline, so should *lack* of willfulness.

The evidence that defense counsel sought to introduce in this case, however, would not have negated Mr. Hairston's willfulness in failing to file. Defense counsel was attempting to establish, had the court permitted, that Mr. Hairston tried in vain to contact an I.R.S. agent in 1984 in response to telephone calls and to a calling card left with his wife when he was not at home. *See* record, vol. 3, at 40–45. Essentially, Mr. Hairston argues that the I.R.S.'s failure to sit down with Mr. Hairston *in 1984* and correct his alleged misunderstanding of the law, *see id.* at 42, 72, is evidence of his lack of willfulness in 1980, 1981, and 1982, notwithstanding the several registered letters outlining the law's filing requirements that the I.R.S. sent to him during the years in question. *See id.* at 54–56.

I think this entire line of questioning goes as to what his knowledge of the law was at that time in terms of his dealing with the Internal Revenue Service and whether or not this matter could have been cleared up long before now.

. . . . .

What I was going to question him on is his meetings with the Internal Revenue officials because this goes to the knowledge that he had of the requirement of filing and whether or not the Internal Revenue Service would have ever answered any of the questions he presented. And I think on that basis that would go to his state of mind for the years in question.

Argument to the court by defense counsel, *id.* at 41.

---

6. 26 U.S.C. § 7201 provides in pertinent part: "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony...."

Had this evidence—that representatives from the I.R.S. never personally discussed with Mr. Hairston his alleged misunderstanding of the law—been admitted, it would not have reflected either positively or negatively on whether Mr. Hairston did, indeed, possess a good faith misunderstanding of the law. Only evidence of an actual conversation regarding his perception of the filing requirements, whether or not subsequent to the 1982 filing deadline, would be relevant. The fact that no such conversation occurred simply does not illuminate anything related to Mr. Hairston's subjective understanding of the tax laws.[7] Therefore, the court's erroneous ruling that evidence of state of mind was irrelevant if beyond April 15 of 1983, the last filing date for 1982, was harmless error in this case. *See McDonough Power Equip., Inc. v. Greenwood,* 464 U.S. 548, 553–54, 104 S.Ct. 845, 848–49, 78 L.Ed.2d 663 (1984); *Beacham,* 714 F.2d at 1014.

AFFIRMED.

---

7. In effect, Mr. Hairston asks us to presume that he did not understand the law, and, because the I.R.S. failed to personally enlighten him, the Government failed to rebut this presumption. *See* record, vol. 3, at 72. On the contrary, we must presume that Mr. Hairston understood the law. He must come forward with affirmative evidence of misunderstanding as a defense.