**UNITED STATES of America**

v.

**Henry Melvin JOSEPH, Jr.**

**Cr. A. No. 90–445.**

United States District Court,
E.D. Louisiana,
New Orleans Division.

June 13, 1991.

Patrice M. Harris, Asst. U.S. Atty., New Orleans, La., for plaintiff.

Francis King, Asst. Federal Public Defender, New Orleans, La., for defendant.

## ORDER AND REASONS

MENTZ, District Judge.

This matter came before the Court on the motion of defendant, Henry Joseph, to dismiss Count VII of the indictment due to a violation of Title 18, United States Code, Section 3282. After reviewing the motion, memoranda of counsel, the record and the law, the Court denies the motion for the reasons set forth below.

### Discussion

Count VII of the indictment alleges a violation of Title 42, United States Code, Section 408(g)(2). Allegedly, the defendant provided a false Social Security number on a credit application in order to obtain a bank loan. Joseph contends that the indictment brought on November 16, 1990, for a crime allegedly completed on November 16, 1985, is untimely. The government argues that the anniversary date of the crime is included in the applicable statute of limitations period, and alternatively, that the crime was not completed until November 19, 1985, well within the applicable limitations period.

Section 408(g)(2) does not contain its own statute of limitations. Therefore, the general five-year statute of limitations for non-capital offenses, 18 U.S.C. § 3282,[1] applies to prosecutions of Section 408(g)(2) cases. *See United States v. Bethea,* 672 F.2d 407, 419 (5th Cir. Unit B 1982). There is no dispute that Joseph, by signed credit application, provided the allegedly false information to the bank on November 16, 1985.

■ The issue presented, therefore, is whether an indictment subject to the five-year statute of limitations, filed on the anniversary date of the crime five years after the crime, is within the statutory five-year limitations period. The defendant maintains that the date of the crime is included in the limitations period, and that an indictment filed on the fifth anniversary is one day too late. The government ar-

---

**1.** 18 U.S.C. § 3282 states:
Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

gues that the better interpretation of § 3282 is that the limitations period actually begins to run on the day following the day the crime was committed. As such, the fifth year anniversary date of the offense is included in the limitations period.

■ The Court finds that this issue is one of first impression in this circuit. Although several Fifth Circuit cases have discussed the five-year limitations period in dictum, no case has specifically addressed whether the day of the fifth anniversary of the crime is included in the five-year limitations period. The Court finds by this ruling that it is included and that the day the crime was committed is not included.

In *United States v. Davis*, 533 F.2d 921 (5th Cir.1976), the indictment was filed on September 5, 1974. The court stated that "in order to convict the government must have alleged and proved an overt act in furtherance of the conspiracy occurring *on or after* September 5, 1969, and thus within the five years prior to the return date of the indictment." *Id.* at 926 (emphasis added) (citation omitted). Joseph argues that this language implies the date of the alleged crime is to be included in the limitations period and, therefore, an indictment filed on the fifth anniversary is one day too late. However, the "on or after" language could be read to support either position. Further, and more importantly, the precise issue before the Court in the present case was not at issue in *Davis* because in *Davis* the court found that the last alleged act constituting the crime occurred on August 13, 1969. Therefore, the September 5 indictment was clearly filed beyond the five year limit.

Joseph also contends that *Grunewald v. United States*, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957) supports his position. In *Grunewald*, the Supreme Court stated that for a conspiracy indicted on October 25, 1954, the government must prove an overt act occurring after October 25, 1951. *Id.* at 396, 77 S.Ct. at 969 (the *Grunewald* Court also noted the change in § 3282 from three to five years). However, the issue in *Grunewald* was whether concealment of the conspiracy was a continuation of the conspiracy itself. The *Grunewald* Court found that if such a theory were sanctioned, the statute of limitations would be useless in conspiracy cases, noting that to find otherwise would "extend the life of a conspiracy indefinitely." *Id.* at 402, 77 S.Ct. at 972. The issue in the present case, the particular date on which to start the running of the statute of limitations, was not at issue in *Grunewald*.

In *Bethea*, the Court implied in dicta that the statute of limitations begins to run on the date the crime is committed. The indictment in that case was returned on February 21, 1980. The court stated, "[i]n order for [the defendant's] conviction to have been proper, the jury must have found that one of the acts of racketeering activity occurred *after* February 21, 1975." *Id.* at 419 (emphasis added). However, this point was not at issue since the court found that the acts constituting the crime had been completed *before* February 21, 1975. *Id.* [2]

The Court finds that the cases cited above are not controlling because they do not address the limited issue presented. However, two cases recently decided in the Second and Eleventh Circuits do address the precise issue before the Court and we find the reasoning and results in those cases persuasive. In *United States v. Guerro*, 694 F.2d 898 (2nd Cir.1982), *cert. denied*, 459 U.S. 1222, 103 S.Ct. 1230, 75 L.Ed.2d 463 (1983), the defendants were indicted for conspiracy to sell explosives stolen from the United States, in violation of 18 U.S.C. § 371. The sale occurred on December 29, 1976. The indictment was filed on December 29, 1981. The court held

---

**2.** The same situation occurred in *United States v. Parker*, 586 F.2d 422 (5th Cir.1978), *cert. denied*, 441 U.S. 962, 99 S.Ct. 2408, 60 L.Ed.2d 1067 (1979), a case in which the last overt act alleged to support the conspiracy occurred on April 16, 1971. In *Parker*, the court found that the indictment filed on April 15, 1976, was time-

ly since it was filed "a matter of a few hours before the applicable statute of limitations ran." However, the *Parker* court did not address the present issue, namely, whether an indictment returned on April 16, 1976, would have been timely.

that the indictment was timely under § 3282, stating that "[t]he long established general rule is that a statute of limitations begins to run on the day following the day on which the event giving rise to the cause of action occurred." *Id.* at 901 (citing *Burnet v. Willingham Loan & Trust Co.*, 282 U.S. 437, 51 S.Ct. 185, 75 L.Ed. 448 (1931)).

The Eleventh Circuit faced the same issue in *United States v. Butler*, 792 F.2d 1528 (11th Cir.), *cert. denied*, 479 U.S. 933, 107 S.Ct. 407, 93 L.Ed.2d 359 (1986). In *Butler*, the court found that the conspiracy ended on July 12, 1979. The indictment was filed on July 12, 1984. Citing and following *Guerro*, the court found that the indictment was timely. *Id.* at 1532–33. Further, the court held that the day following the "event" is the beginning date for the calculation of the limitations period. *Id.* at 1533.

It is not coincidental that the cases cited by both the defendant and the government in the present case concern continuing offenses. *Davis* and *Grunewald* both involved conspiracy charges, as did *Butler* and *Guerro*. The defendants in *Bethea* were charged with conspiracy, mail fraud, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Confusion arises in a applying a limitations period to a continuing offense such as a conspiracy or a RICO violation because the crime is not completed without the occurrence of the overt or predicate act(s). However, the *basis* for the crime charged, *i.e.*, the agreement in a conspiracy case, or the enterprise participation in a RICO case, establishes the offense "event", and thus, the tolling of the limitations period, even though the overt or predicate acts may yet occur during the running of that period. In a non-continuing offense, the "event" constitutes the whole crime and, thus, tolls the limitations period. In this respect, we believe *Davis*, *Bethea* and *Grunewald* are in accord with *Guerro* and *Butler*, as well as with non-continuing offense cases such as the present case. Once the basis for the crime, the criminal "event", has been established, the limitations period has been tolled. We simply choose by this opinion to follow the better rule as set forth in *Guer-*

*ro* and *Butler* that the limitations period starts to run beginning with the day following the "event" which forms the basis of the offense. *See also, Toussie v. United States*, 397 U.S. 112, 119–23, 90 S.Ct. 858, 862–65, 25 L.Ed.2d 156 (1970) (discussing the difference in applying limitations periods to continuing and non-continuing offenses).

In the present case, there is no dispute that the allegedly false information was submitted to the bank on November 16, 1985. Since the indictment against Joseph, and more particularly Count VII of that indictment, was filed on November 16, 1990, it is timely. Under the reasoning of *Guerro* and *Butler*, the statute of limitations period began to run as of November 17, 1985, and therefore the indictment against Joseph was filed on the last possible day of the limitations period.

The Court also notes that general policy concerns support the application of the *Guerro* rule. One of the primary purposes for the statute of limitations as set forth in § 3282 is to protect individuals from having to defend themselves against stale evidence. *Toussie v. United States*, 397 U.S. 112, 114–15, 90 S.Ct. 858, 859–60, 25 L.Ed.2d 156 (1970). This concern has no application to the day the crime is committed, since it is not feasible for evidence to become stale before, or while, it is being created. Another purpose for limitations periods is to encourage law enforcement officials to promptly investigate suspected criminal activity. *Id.* at 115, 90 S.Ct. at 860. Interpreting the limitations period to commence one day earlier will not substantially advance this policy concern either.

■ Finally, the government also argues that the defendant's false representations were not completed until November 19, 1985, when Citicorp Acceptance Company, Inc. requested and received information based upon the defendant's falsely represented Social Security number. The government maintains that the crime was not completed until the bank, as innocent agent, used the defendant's false information to obtain other misleading information

on the defendant, said information arriving on November 19, 1985. Since the Court has found that the November 16, 1990 indictment was timely, this point is now moot. However, we note that the elements necessary to establish a violation of Title 42, United States Code, Section 408(g)(2) are that the defendant: (1) for any purpose, (2) with intent to deceive, (3) represents a particular Social Security number to be his, (4) which representation is false. *See United States v. Doe*, 878 F.2d 1546, 1553 (1st Cir.1989). There is nothing in § 408(g)(2) that indicates Congress intended to make a violation of that statute a continuing offense. *See Toussie*, 397 U.S. at 122–24, 90 S.Ct. at 864–65. When the false representation is made the offense is complete. Therefore, the Court finds no merit in the government's argument that the offense continued through November 19, 1985, because the bank later obtained other false information in the course of using the false information provided by the defendant.

Accordingly,

IT IS ORDERED that the defendant's motion to dismiss Count VII of the indictment due to violations of Title 18, United States Code, Section 3282 is DENIED.

IT IS FURTHER ORDERED that the hearing set in this matter for June 19, 1991 is CANCELED.