940 F.2d 654
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry D. SWAN, a/k/a William Anderson, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barbara L. SWAN, a/k/a Mary Anderson, Defendant-Appellant.
 Nos. 90-5377, 90-5378.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 11, 1991.
Decided Aug. 14, 1991.
 
 Appeals from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CR-89-190, CR-89-191)
 Richard F. Thurston, Denver, Colo., for appellants.
 Michael W. Carey, United States Attorney, Dwane L. Tinsley, Assistant United States Attorney, Charleston, W.V., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before PHILLIPS, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Larry and Barbara Swan appeal their jury convictions for willfully failing to file federal income tax returns for the years 1985, 1986, and 1987, in violation of 26 U.S.C. Sec. 7203. In addition, Larry Swan challenges his sentence. We affirm.
 
 
 2
 The primary issue at trial was whether the Swans' failure to file their tax returns was willful. Their defense was that they had a goodfaith belief that they were not required to file tax returns. Larry Swan testified that he researched the issue and concluded, among other things, that the Secretary of the Treasury was required to assess federal income taxes before individuals were required to pay them. He shared the results of his research with his wife.
 
 
 3
 On appeal, the Swans contend that the district court erred when it gave repetitive jury instructions, that the prosecutor committed plain error by making a jury argument appealing to the jury's pecuniary interest, and that the district court erred in refusing to admit into evidence two attorney opinion letters received by Larry Swan concerning the obligation to file federal income tax returns. In addition, Larry Swan argues that the district court erred by sentencing him to the statutory maximum sentence and then imposing a one-year term of supervised release. We find no merit in any of these arguments.
 
 
 4
 The Swans point to three portions of the district court's jury instructions where it stated that a belief that the income tax laws are unconstitutional is not a defense to failing to file returns. They admit that this is a correct statement of the law. See Cheek v. United States, 59 U.S.L.W. 4049 (U.S.1991). The district court overruled the Swans' objection to the instructions, acknowledging that the instructions were somewhat repetitive but finding that the explanation was in a different context each time.
 
 
 5
 We agree that the instructions were in different contexts and, even though the Swans did not contend that the constitutionality of the laws was a defense, Larry Swan testified that he believed the laws were unconstitutional. The distinction between the defense of a goodfaith misunderstanding of the law and the non-defense of a belief that the laws are unconstitutional was likely a difficult one for the jury to grasp and the district court did not abuse its discretion in formulating the instructions as it did to minimize confusion. See United States v. Webster, 639 F.2d 174 (4th Cir.1981), modified in part, 669 F.2d 185 (4th Cir.), cert. denied, 456 U.S. 935 (1982).
 
 
 6
 The Swans next contend that it was plain error for the Assistant United States Attorney prosecuting the case to argue to the jury that the Swans' failure to file their returns was similar to the situation where one sharing an apartment with others fails to pay his or her share of the rent. In order for the alleged error to be recognized as plain error it must affect substantial rights and result in a miscarriage of justice. See United States v. Young, 470 U.S. 1 (1985). The Swans argue that the alleged error here is similar to the error in United States v. Ellsworth, 738 F.2d 333 (8th Cir.), cert. denied, 469 U.S. 1042 (1984), where the prosecutor used an analogy involving stealing to explain the willful failure to file tax returns. Yet, even though the Ellsworth court found error, it did not find plain error. We find that the alleged error in this case does not rise to the level of plain error.
 
 
 7
 The Swans also argue that the trial court erred when it refused to allow the attorney opinion letters into evidence. The district court gave studied consideration to the issue and decided that because the Swans did not give the attorneys any personal information on which to base their opinions, that the letters themselves should not be admitted into evidence. Larry Swan was allowed to extensively testify about the contents of the letters.
 
 
 8
 The Swans contend that the cases relied upon by the district court are distinguishable because those cases did not deal with material which was sent directly to the defendant as in this case. See United States v. Hairston, 819 F.2d 971, 973 (10th Cir.1987); United States v. Kraeger, 711 F.2d 6, 7-8 (2d Cir.1983). Nevertheless, because the Swans did not give the attorneys any personal information regarding themselves when they requested the opinions, the letters are general in nature and are sufficiently similar to the materials held to be inadmissible in the cases cited by the district court. Moreover, the Swans fail to show any specific portion of the letters that was not adequately presented to the jury by Larry Swan's oral testimony. We find that the district court did not abuse its discretion in refusing to admit the letters into evidence. See United States v. Hairston, supra.
 
 
 9
 Finally, Larry Swan contends that the district court erred by imposing upon him a term of supervised release in addition to the maximum term of imprisonment on one of his counts. He argues that the supervised release term and the underlying term of imprisonment exceed the statutory maximum and that the supervised release term must be stricken.
 
 
 10
 Both the maximum sentence he received and the supervised release term are allowed by statute. See 26 U.S.C. Sec. 7203 (1988); 18 U.S.C. Sec. 3583 (1988). The sentencing guidelines also allow for the term of supervised release. See U.S.S.G. Secs. 5D1.1-1.2 (1990). Larry Swan's specific argument, that the two terms should be considered as one and be measured by the maximum term for the underlying offense, has been addressed and rejected by other circuits. See United States v. Montenegro-Rojo, 908 F.2d 425, 431-34 (9th Cir.1990); United States v. Butler, 895 F.2d 1016 (5th Cir.1989), cert. denied, 59 U.S.L.W. 3245 (U.S.1990). We agree with the reasoning of these cases and find no merit to Larry Swan's argument.
 
 
 11
 Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.