BALDOCK, Circuit Judge.
 

 Defendant James C. Payne appeals his convictions on four counts of. tax evasion, 26 U.S.C. § 7201, and three counts of false representations of social security numbers. 42 U.S.C. § 408(a)(7)(B). Defendant contends that the evidence was insufficient on all counts because the affirmative acts giving rise to the criminal charges occurred outside of the applicable statutes of limitations. Defendant also claims that the district court erroneously excluded evidence regarding his good faith belief that his conduct was legal.
 
 [1]
 
 Our jurisdiction arises under 28 U.S.C. § 1291.
 

 During the relevant period, Defendant received interest and dividend income from savings and brokerage accounts. When Defendant opened these accounts between 1977 and 1984, he provided false social security numbers to his bank and brokerage firms (collectively “the payors”). The payors issued Internal Revenue Service (“IRS”) Forms 1099 annually for the 1984-87 tax years, reporting Defendant’s income to the IRS under the false social security numbers. Defendant received the 1099 forms for the 1984-87 tax years from the payors, but never filed income tax returns for these years. In March 1991, Defendant was indicted on four counts of tax evasion for the years 1984-87 respectively and three counts of false representation of social security numbers. Following a jury trial, Defendant was convicted of all counts.
 

 The federal tax evasion statute provides that “[a]ny person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall ...' be guilty of a felony....” 26 U.S.C. § 7201. The elements of a § 7201 violation are an affirmative act constituting an evasion or attempted evasion of the tax, willfullness, and the existence of a substantial tax deficiency.
 
 Sansone v. United States,
 
 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965);
 
 United States v. Swallow,
 
 511 F.2d 514, 519 (10th Cir.),
 
 cert. denied,
 
 423 U.S. 845, 96 S.Ct. 82, 46 L.Ed.2d 66 (1975). The failure to file a tax return is insufficient to establish the affirmative act necessary for a § 7201 conviction.
 
 Spies v. United States,
 
 317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418 (1943). A tax evasion prosecution must be commenced within six years
 
 *1179
 
 after the commission of the offense. 26 U.S.C. § 6531(2).
 

 Defendant argues that the evidence is insufficient on the four tax evasion counts because the government failed to prove an affirmative act within the six year statute of limitations. Defendant concedes that he provided false social security numbers to the payors between 1977 and 1984, but argues that these affirmative acts cannot support his conviction because they occurred more than six years prior to the indictment. The government counters by arguing that Defendant’s “annual reaffir
 
 mation”
 
 — i.e. failure to correct — the erroneous social security numbers on the 1099 forms that he received from the payors constitutes an affirmative act within the limitations period.
 
 See United States .v. Williams,
 
 928 F.2d 145, 149 (5th Cir.) (knowingly maintaining false W-4 form on file with employer constituted affirmative act supporting § 7201 conviction),
 
 cert. denied,
 
 — U.S. —, 112 S.Ct. 58, 116 L.Ed.2d 34 (1991).
 

 We need not decide whether Defendant's failure to correct the erroneous social security numbers satisfies the “affirmative act” element of § 7201 because Defendant’s argument is premised on the erroneous assumption that an affirmative act commences the running of the statute of limitations. Generally, the statute of limitations does not begin to run until the crime is complete.
 
 Toussie v. United States,
 
 397 U.S. 112, 115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970);
 
 Pendergast v. United States,
 
 317 U.S. 412, 418, 63 S.Ct. 268, 270, 87 L.Ed. 368 (1943). “A crime is complete as soon as every element in the crime occurs.”
 
 United States v. Musacchio,
 
 968 F.2d 782, 790 (9th Cir.1991). Because a tax deficiency is an essential element of the crime of tax evasion,
 
 Sansone,
 
 380 U.S. at 343, 85 S.Ct. at 1004;
 
 Swallow,
 
 511 F.2d at 514, the Statute of limitations did not begin to' run on Defendant’s § 7201 violations until Defendant incurred a tax deficiency.
 
 See United States v. Kafes,
 
 214 F.2d 887, 890 (3d Cir.) (tax evasion offense not complete until defendant’s tax payment became due),
 
 cert. denied,
 
 348 U.S. 887, 75 S.Ct. 207, 99 L.Ed. 697 (1954). Defendant did not incur a tax deficiency until his tax liability for the years 1984-87 became
 
 due
 
 — i.e. April 15 of each succeeding year.
 
 See United States v. DiPetto,
 
 936 F.2d 96, 97 (2d Cir.) (per curiam) (tax deficiency element satisfied after April 15 of each year defendant failed to file tax return),
 
 cert. denied,
 
 — U.S. —, 112 S.Ct. 193, 116 L.Ed.2d 153 (1991). Therefore, Defendant’s earliest act of tax evasion was not complete until April 15, 1985.
 
 See id.
 
 at 98 (“limitations period began on the day on which the tax returns were due”).
 
 See also
 
 85 A.L.R.Fed.
 
 Limitations Period-Tax Evasion
 
 § 3[a] at 885 (1987) (when tax evasion based on failure to file return, statute of limitations begins to run when return is due). The indictment, returned in March 1991, timely commenced the prosecution of Defendant for tax evasion within the six-year statute of limitations.
 
 [2]
 

 
 *1180
 
 Defendant raises a similar statute of limitations argument relating to his convictions for false representations of social security numbers. 42 U.S.C. § 408(a)(7)(B). The statute under which Defendant was convicted provides, in relevant part,
 

 [wjhoever, ... for any ... purpose, with intent to deceive, falsely represents a number to be the social security account number assigned by the Secretary to him or to another person, when in fact such number is not the social security account number assigned by the Secretary to him or to such other person, ... shall be guilty of a felony____
 

 Id.
 
 As § 408(a)(7)(B) does not contain its own statute of limitations, the general five year statute of limitations for non-capital offenses-applies. 18 U.S.C. § 3282. Despite the undisputed evidence that Defendant’s last false representation of a social security number to a payor occurred in 1984, more than five years prior to the return of the indictment, the government contends that a violation of § 408(a)(7)(B) is a continuing offense that is not completed until Defendant corrects the false numbers, and that Defendant committed new acts of false representation when he reaffirmed the social security numbers by failing to correct the 1099 forms he received from the payors.
 

 The continuing offense doctrine “should be applied in only limited circumstances ... [in which] the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one.”
 
 Toussie,
 
 397 U.S. at 115, 90 S.Ct. at 860.
 
 See also
 
 18 U.S.C. § 3282 (statute of limitations should not be extended “[e]xcept as otherwise provided by law”). In
 
 Toussie,
 
 the defendant was prosecuted for failing to register for the draft and moved to dismissed on statute of limitations grounds because the prosecution was initiated more than five years after he was initially required to register. The lower courts had interpreted the statute, which required all male citizens between the ages of eighteen to twenty-six to register, as imposing a continuing duty to register until the age of twenty-six. The Supreme Court reversed, finding nothing in the language of the statute or in the nature of the crime to compel the conclusion that failing to register was a continuing offense.
 
 Toussie,
 
 397 U.S. at 120-22, 90 S.Ct. at 863-64.
 

 Like the statute at issue in
 
 Toussie,
 
 nothing in' the plain language of § 408(a)(7)(B) nor the nature of the crime itself supports the government’s contention that Congress intended it to be a continuing offense. Section 408(a)(7)(B) prohibits “falsely representpng] a social security number.” Had Congress intended the crime to continue beyond the point that Defendant made the false representations, Congress could easily have prohibited concealing or failing to disclose a true social security number as it did in another subsection.
 
 See
 
 42 U.S.C. § 408(a)(4) (prohibiting “conceal[ing] or fail[ing] to disclose” the occurrence of an event affecting the continued right to payment).
 
 See also United States v. Morrison,
 
 43 F.R.D. 516, 519 (N.D.Ill.1967) (failure to notify Social Security Administration of beneficiary’s death was a continuing course of conduct under § 408(a)(4) until notification of death was provided). However, by only prohibiting a false
 
 representation,
 
 Congress expressed its intention that the crime is complete at the time of the representation.
 
 See United States v. Joseph,
 
 765 F.Supp. 326, 330 (E.D.La.1991) (violation of § 408(a)(7)(B) is complete when the false representation is made).
 

 
 *1181
 
 Similarly, we find no merit in the government’s contention that Defendant’s failure to correct the erroneous social security numbers constituted a reaffirmation of the false representation. After Defendant falsely represented the social security numbers to the payors, he made no further representations of the erroneous social security numbers nor did he file any income tax returns. While the payors relied on Defendant’s false representation and conveyed the erroneous social security numbers to the IRS within the limitations period, Defendant is criminally liable only for his own false representations under the plain language of the statute.
 
 Cf. United States v. Davis,
 
 533 F.2d 921, 928 (5th Cir.1976) (government agency’s reliance, within five years of indictment, on defendant’s earlier false representations did not extend statute of limitations for conspiring to violate 18 U.S.C. § 1001 by knowingly and willfully making false statements). To accept the government’s construction of the statute would require us to read into the statute an affirmative duty by Defendant to correct the erroneous social security numbers on the 1099 forms he received from the payors. Absent some support in the language of the statute for the government’s construction, we decline to adopt it. Because the evidence was undisputed that Defendant’s last false representation of a social security number occurred in 1984, and the indictment was not returned until 1991, the prosecution for false representations of social security numbers was barred by the five-year statute of limitations.
 

 Finally, Defendant contends that the district court erroneously excluded documentary evidence relating to his asserted good-faith belief that he had no legal duty to file income tax returns.
 
 See Cheek v. United States,
 
 498 U.S. 192, —-—, 111 S.Ct. 604, 610-11, 112 L.Ed.2d 617 (1991) (good-faith misunderstanding of the law or good-faith belief that one is not violating the law negates willfullness element in § 7201 prosecution). We review for an abuse of discretion and will reverse “only if the exclusion of the evidence is so significant that it results in ‘actual prejudice’ because it has a ‘substantial and injurious effect or influence in determining the jury’s verdict.’ ”
 
 United States v. Fingado,
 
 934 F.2d 1163, 1164 (10th Cir.) (quoting
 
 United States v. Vreeken,
 
 803 F.2d 1085, 1090 (10th Cir.1986),
 
 cert. denied,
 
 479 U.S. 1067,107 S.Ct. 955, 93 L.Ed.2d 1003 (1987)),
 
 cert. denied,
 
 — U.S. —, 112 S.Ct. 320, 116 L.Ed.2d 262 (1991).
 

 The district court permitted Defendant to testify extensively about his misunderstanding of the tax laws. Defendant, a retired psychiatrist who up until at least 1978 had annually filed a tax return, testified that he did not file tax returns for 1984-87 due to his honestly held belief that the Internal Revenue Code (“IRC”) did not require persons to annually file an income tax return. After receiving information from a tax protester organization, Defendant researched the tax law. Defendant read the United States Supreme Court’s opinion in
 
 Flora v. United States,
 
 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), and copied it, underlining a sentence which reads: “Our system of taxation is based upon voluntary assessment and payment, not upon distraint.”
 
 Id.
 
 at 176, 80 S.Ct. at 647 (footnote omitted). Defendant then looked up the definition of “distraint” finding it to be defined as “coercion or force.” Defendant testified that this research confirmed his belief that the act of filing a tax return was voluntary, but that if he did not file a return, the government would bill him. Defendant testified that he would have paid the tax if the government had sent him a bill.
 

 Defendant also testified that he later purchased ' a book entitled
 
 How Anyone Can Stop Paying Income Taxes
 
 by Irwin Schiff which confirmed his belief that the filing of a tax return is voluntary and that the IRS must assess taxes and send the taxpayer a bill. The Schiff book cited to séctions in the IRC which Defendant subsequently purchased. Defendant confirmed that the Schiff book’s IRC citations were correct thereby furthering his belief that the filing of a return was voluntary and that the IRS would eventually bill him. During his legal research, Defendant took a series of handwritten notes.
 

 
 *1182
 
 Defendant sought to introduce into evidence his underlined copy of the
 
 Flora
 
 opinion, his marked up copy of the Schiff book and the 1984 and 1987 IRC’s, as well as his handwritten legal research notes. The district court rejected the admission of these exhibits recognizing “a danger of prejudice ... that outweigh[ed] any eviden-tiary purpose that could be served with regard to the issue of willfullness----” However, the district court permitted Defendant to physically possess the exhibits on the witness stand, to display them to the jury, and to read all pertinent portions to the jury and explain their impact on his alleged’ misunderstanding of the tax laws. Defendant quoted pertinent passages from the
 
 Flora
 
 opinion, and the judge even read the underlined passage to the jury. Defendant also quoted several passages from the Schiff book and various portions of the IRC. Finally, Defendant was permitted to explain each passage of his handwritten notes to the jury.
 

 Because the willfullness element of § 7201 requires the specific intent to evade taxes, a defendant in a tax evasion prosecution “is entitled to wide latitude in the introduction of evidence which tends to show lack of specific intent.”
 
 United States v. Brown,
 
 411 F.2d 1134, 1137 (10th Cir.1969) (reversing tax evasion conviction due to district court’s exclusion of transcripts of testimony of the defendant’s superior, who was not available to testify, which corroborated defendant’s claimed belief that merchandise and services he received were nontaxable).
 
 See also Vreeken,
 
 803 F.2d at 1089-90 (district court’s limitation of defendant’s testimony concerning his reasoning in. structuring tax shelters was error in § 7201 prosecution). “[Fjorbidding the jury to consider evidence that might negate willfullness ... raise[s] a serious question under the Sixth Amendment’s jury trial provision.”
 
 Cheek,
 
 498 U.S. at —, 111 S.Ct. at 611. Nonetheless,
 
 “Cheek
 
 [does] not require the admission of any and all evidence showing a basis for the defendant’s belief.”
 
 Fingado,
 
 934 F.2d at 1165 n. 1.
 

 Defendant was permitted to testify concerning the basis of his claimed good-faith misunderstanding of the tax laws. The trial court permitted Defendant wide latitude in reading pertinent excerpts from the
 
 Flora
 
 opinion, Schiff book, IRC’s, and his notes to the jury. Defendant was simply not permitted to introduce these documents as exhibits. In
 
 United States v. Hairston,
 
 819 F.2d 971 (10th Cir.1987), we found no abuse of discretion on similar facts noting that “[t]he court did not prevent [the defendant] from mounting a defense ... but rather exercised its discretion regarding the form in which such evidence should be admitted so as to minimize jury confusion.”
 
 Id.
 
 at 973.
 
 See also United States v. Mann,
 
 884 F.2d 532, 538 (10th Cir.1989). Defendant’s direct testimony was far more probative on the issue of his good faith misunderstanding of the tax laws than the actual materials.
 
 See Mann,
 
 884 F.2d at 538;
 
 Hairston,
 
 819 F.2d at 973.
 
 See also Fingado,
 
 934 F.2d at 1164-65 (any error in excluding exhibits was harmless when defendant testified about claimed good-faith misunderstanding of tax laws);
 
 United States v. Harrold,
 
 796 F.2d 1275, 1284-85 (10th Cir.1986) (same),
 
 cert. denied,
 
 479 U.S. 1037, 107 S.Ct. 892, 93 L.Ed.2d 844 (1987), Moreover, permitting legal materials into the jury room creates the potential for undue jury confusion concerning the governing law.
 
 See United States v. Willie,
 
 941 F.2d 1384, 1395-98 (10th Cir.1991) (alternatively holding that exhibits, which included statutes, a treaty, a historical treatise, and letters from defendant, were properly excluded under Fed.R.Evid. 403),
 
 cert. denied,
 
 — U.S. —, 112 S.Ct. 1200, 117 L.Ed.2d 440 (1992). Given that Defendant was permitted to testify extensively concerning the basis for his claimed good-faith misunderstanding of the tax laws and was permitted read the pertinent excerpts of the materials on which he allegedly relied, we find no abuse of discretion by district court in refusing to accept the proffered exhibits into evidence.
 

 Defendant’s motion to transmit the original exhibits to this court as part of the record on appeal is DENIED. Defendant’s convictions for tax evasion are AFFIRMED. Defendant’s convictions for
 
 *1183
 
 falsely representing social security numbers are REVERSED. The case is REMANDED to the district court with instructions to VACATE Defendant's convictions for falsely representing social security numbers and for any further proceedings consistent with this opinion.
 

 [1]
 

 . Notwithstanding that Defendant has included copies of the exhibits he claims were erroneously excluded in his appendix filed in this court, Defendant has also brought a motion in this court to accept the original exhibits.
 
 See
 
 10th Cir.R. 10.2.2.
 

 [2]
 

 .
 
 Several circuits have held that a prosecution under § 7201 is timely if commenced within six years of the last affirmative act of evasion.
 
 DiPetto,
 
 936 F.2d at 98;
 
 Williams,
 
 928 F.2d at 149;
 
 United States v. Ferris,
 
 807 F.2d 269, 271 (1st Cir. 1986),
 
 cert. denied,
 
 480 U.S. 950, 107 S.Ct. 1613, 94 L.Ed.2d 798 (1987);
 
 United States v. Trownsell,
 
 367 F.2d 815, 816 (7th Cir.1966) (per curiam). Courts have relied on this reasoning to extend the statute of limitations beyond six years after the defendant incurred a tax deficiency when the defendant has taken a subsequent affirmative act to conceal his crime.
 
 See Ferris,
 
 807 F.2d at 272 (§ 7201 prosecution for evading 1976-77 taxes timely commenced in 1985 when defendant made affirmative statements in 1979 and 1983 to IRS agents to conceal income);
 
 Trownsell,
 
 367 F.2d at 816 (§ 7201 prosecution for evading 1946-53 taxes timely commenced in 1964 when defendant transferred assets to Swiss bank account in 1961 to conceal charged evasion). Moreover, the Supreme Court has' held that when the defendant, charged under § 7201, files a false tax return subsequent to the due date, the statute of limitations begins running when the return is filed rather than when the return is due.
 
 United States v. Habig,
 
 390 U.S. 222, 224-25, 88 S.Ct. 926, 927-28, 19 L.Ed.2d 1055 (1968). We have similarly held that when the defendant files a false amended return after the due date, the statute of limitations in a tax evasion prosecution does not begin to run until filing of the amended return rather than the original due date.
 
 United States v. Samara,
 
 643 F.2d 701, 704 (10th Cir.),
 
 cert. denied,
 
 454 U.S. 829, 102 S.Ct. 122, 70 L.Ed.2d 104 (1981). We do not read these cases to stand for the proposition
 
 *1180
 
 that the statute of limitations always commences at the point the defendant takes his final affirmative act to evade taxes. Rather, these cases are consistent with our holding that the statute of limitations in a § 7201 prosecution does not begin to run until the defendant has taken an affirmative act
 
 and
 
 incurred a tax deficiency.
 
 Cf. United States v. Myerson,
 
 368 F.2d 393, 395 n. 1 (2d Cir.1966) (per curiam) (when defendant filed tax return early, statute of limitations on tax evasion prosecution began running on date return was due rather than date when defendant filed return),
 
 cert. denied,
 
 386 U.S. 991, 87 S.Ct. 1305, 18 L.Ed.2d 335 (1967).