**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 00-4895

ROBERT G. BREMNER,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Gerald Bruce Lee, District Judge.
(CR-00-137-3)

Submitted: June 29, 2001

Decided: July 16, 2001

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Steven Dwain Goodwin, GOODWIN, SUTTON & DUVAL, P.L.C.,
Richmond, Virginia, for Appellant. Kenneth E. Melson, United States
Attorney, John S. Davis, Assistant United States Attorney, Richmond,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert Bremner was convicted by a jury of four counts of willfully evading income taxes in violation of 26 U.S.C.A. § 7201 ( West 1989 & Supp. 2000), and sentenced to eighteen months imprisonment. He appeals, claiming that: (1) the district court improperly limited his cross-examination of an IRS Agent; (2) the district court abused its discretion by disallowing the introduction of certain statutory and regulatory materials; (3) the district court erred in rejecting his proposed jury instruction regarding "willfulness"; and (4) the evidence was insufficient to sustain his convictions.

The evidence presented at Bremner's trial, viewed in the light most favorable to the Government, *United States v. Burgos*, 94 F.3d 849, 854 (4th Cir. 1996) (en banc), established the following. For the tax years at issue (1993 through 1996), Bremner received compensation as a sales representative for Consumers Buyline, Inc., and Health Technologies Network, as well as commissions from insurance companies for policies he had sold in prior years. Based upon income reported to the IRS from those companies and on Bremner's bank records, the IRS determined that Bremner received taxable income of: $33,332 in 1993, $35,000 in 1994, $141,054 in 1995, and $233,245 in 1996. Bremner did not file income tax returns or pay any taxes for any of those years.

Bremner first claims that the district court erred in limiting his cross-examination of an IRS agent. Restrictions on the scope of cross-examination are within the sound discretion of the trial court, which has wide latitude to set reasonable limits to prevent harassment, prejudice, or confusion of the issues or where the information sought is of marginal relevance. *United States v. Turner*, 198 F.3d 425, 429 (4th Cir. 1999), *cert. denied*, 529 U.S. 1061 (2000); *see Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). Here, Bremner was allowed to question the agent at some length about his reasoning in determining Bremner's gross income. The district court then limited Bremner's continued cross-examination regarding whether the income at issue was "taxable income" because the legal definition of income to be applied to Bremner's receipts was not at issue in the case; instead, the

case concerned only whether substantial taxes were due and not the amount due as "taxable income." Therefore, the agent's proffered testimony would have been irrelevant. Accordingly, we conclude that the district court did not abuse its discretion in limiting Bremner's cross-examination of the IRS agent.

Next, Bremner claims that the district court erred in refusing to allow him to admit into evidence copies of unspecified portions of the Internal Revenue Code or a copy of IRS Form 2555 (reporting of foreign earned income). The district court's evidentiary ruling is reviewed for abuse of discretion. *United States v. Aramony*, 88 F.3d 1369, 1377 (4th Cir. 1996). Bremner was allowed to describe in detail his research into the tax laws and to display on an overhead projector various laws, regulations, and tax forms, which he claimed supported his belief that he did not need to file returns or pay taxes. The district court only excluded a copy of the Internal Revenue Code and Form 2555 from being admitted into evidence. Given the potential to confuse the jury, the district court's decision was not an abuse of discretion. *See United States v. Hairston*, 819 F.2d 971, 973 (10th Cir. 1987) (affirming exclusion of tax protest literature and noting that the district court did not prevent the defendant "from mounting a defense, as the appellate brief suggests, but rather exercised its discretion regarding the form in which such evidence should be admitted so as to minimize jury confusion").

Bremner argues that the district court erred in rejecting his proposed jury instruction regarding "willfulness." The inclusion of a particular instruction and the content of that instruction are reviewed for an abuse of discretion. *United States v. Whittington*, 26 F.3d 456, 462 (4th Cir. 1994); *United States v. Russell*, 971 F.2d 1098, 1107 (4th Cir. 1992). The district court's refusal to give a requested jury instruction is reversible error only if, among other things, the instruction "was not substantially covered by the court's charge to the jury." *United States v. Patterson*, 150 F.3d 382, 388 (4th Cir. 1998), *cert. denied*, 525 U.S. 1086 (1999).

Bremner contends that the jury should have been instructed that willfulness is a subjective state of mind. *See United States v. Cheek*, 498 U.S. 192, 202-03 (1991) (holding that a good-faith misunderstanding of the law or a good-faith belief that one is not violating the

law negates willfulness, whether or not the belief is objectively reasonable). While willfulness in a tax case includes a subjective determination, the use of the word "subjective" in the instructions is not a requirement, so long as the nature of the standard is clear. *Id.* at 201-02; *United States v. Hauert*, 40 F.3d 197, 202-03 (7th Cir. 1994). We hold that the jury accurately was instructed as to the subjective nature of the standard and that Bremner's proposed instruction was "substantially covered by the court's charge to the jury." *Patterson*, 150 F.3d at 388. Therefore, the district court did not abuse its discretion in refusing Bremner's proposed instruction.

Finally, Bremner claims that the evidence was insufficient to support his convictions. To establish a violation of § 7201, the Government must prove willfulness, a substantial tax deficiency, and an affirmative act constituting attempted tax evasion. *United States v. Goodyear*, 649 F.2d 226, 227-28 (4th Cir. 1981). The Government's uncontroverted evidence established that Bremner received taxable income for the years in question, resulting in a substantial tax deficiency, and that he willfully failed to report the income or pay any taxes on that income. The Government also showed that Bremner attempted to evade any tax due by means of nominee names on his bank accounts and other property. Bremner argues that, because there were no valid assessments, there was no tax deficiency. Bremner is incorrect. A tax deficiency is independent of an assessment, which is merely a step in the administrative process of collecting a deficiency. *See* 26 U.S.C.A. §§ 6203, 6211 (West 1989 & Supp. 2000); *see also United States v. Silkman*, 156 F.3d 833, 836-37 (8th Cir. 1998) (holding that proof of a valid assessment is not an essential element of criminal tax evasion). Therefore, the evidence was sufficient to support Bremner's convictions.

Accordingly, we affirm Bremner's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*