# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1784

_____

United States of America

*Plaintiff - Appellee*

v.

Carolina Olivia Hernandez-Madrid, also known as Carolina O. Harnandez-Madrid

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: November 12, 2012
Filed: November 29, 2012
[Unpublished]

_____

SMITH, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Carolina Hernandez-Madrid entered a conditional guilty plea to falsely representing her Social Security number after the District Court[1] denied her motion to dismiss the charge on statute-of-limitations grounds. She now appeals the court's denial of her motion to dismiss, and we affirm.

On April 8, 2006, Hernandez-Madrid completed an application for employment at a Sonic restaurant located in Fayetteville, Arkansas, using the name Marjori Guerrero and the Social Security number XXX-XX-0978. When Hernandez-Madrid was hired later in April 2006, she presented a Social Security card bearing the same false name and number to Alan Monk, the Fayetteville Sonic manager. Hernandez-Madrid worked at the Fayetteville Sonic under this false identity until August 2006, at which time she told Monk that she had taken a job at a Sonic restaurant located in Johnson, Arkansas, closer to her home. Because the Johnson Sonic was operated by a different franchisee, Monk could not electronically transfer Hernandez-Madrid's employment information to her new employer. So Monk instead accessed the Fayetteville Sonic computer-payroll system and terminated the active-employment status of Hernandez-Madrid's alter ego, Marjori Guerrero.

Sometime in mid-September 2006, Hernandez-Madrid—still presenting herself as Marjori Guerrero—returned to the Fayetteville Sonic, told Monk that she was not happy with her new job at the Johnson Sonic, and asked Monk to rehire her at the Fayetteville Sonic. Monk recognized Hernandez-Madrid as his former employee Marjori Guerrero and agreed to rehire her. Because it had been only a few weeks since Hernandez-Madrid had quit her job at the Fayetteville Sonic, Monk did not ask her to complete a new application for employment. Instead, because Monk believed that the personal information Hernandez-Madrid had presented to him in the earlier employment-application process—including the Marjori Guerrero name and Social

---

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

Security number—was still accurate, Monk simply accessed the Fayetteville Sonic computer-payroll system, reversed the earlier termination, and reinstated "Marjori Guerrero" to active-employment status. Although Monk was uncertain of the specific date on which Hernandez-Madrid returned to the Fayetteville Sonic seeking re-employment, payroll records indicate that she worked eight hours during the period from September 16, 2006, to September 30, 2006, and Monk testified that she began work "shortly," "[p]ossibly the very next day," after she requested re-employment. Mot. Hr'g Tr. at 35.

On September 14, 2011, Hernandez-Madrid was charged in a two-count indictment with falsely representing her Social Security number from approximately September 16, 2006, to September 2010, 42 U.S.C. § 408(a)(7)(B) (Count One) and falsely representing a material fact in a matter within the government's jurisdiction, 18 U.S.C. § 1001 (Count Two). Hernandez-Madrid moved to dismiss Count One of the indictment, arguing that the offense conduct described therein occurred outside the applicable statute-of-limitations period that began five years before her indictment—September 14, 2006. See 18 U.S.C. § 3282(a). After an evidentiary hearing, the District Court denied Hernandez-Madrid's motion, and she entered a conditional guilty plea to Count One.[2]

On appeal, Hernandez-Madrid argues that the District Court erred in denying her motion to dismiss Count One because she did not falsely represent her Social Security number as contemplated by § 408(a)(7)(B) during the undisputed five-year statute-of-limitations period immediately preceding the September 14, 2011, indictment date. According to Hernandez-Madrid, she falsely represented her Social Security number only once—on April 6, 2006, when she applied for a position with the Fayetteville Sonic. See United States v. McKnight, 17 F.3d 1139, 1143 (8th Cir.)

---

[2]In return for Hernandez-Madrid's guilty plea to Count One, the government dismissed Count Two of the indictment.

(stating that a defendant violates § 408(a)(7)(B) if for any purpose and with the intent to deceive, he falsely represents that a particular Social Security number belongs to him or to another individual), cert. denied, 513 U.S. 907 (1994). Thus, because the indictment was handed down on September 14, 2011, more than five years after the alleged offense conduct on April 6, 2006, Hernandez-Madrid contends that the statute of limitations had expired and that the District Court erred in denying her motion to dismiss Count One of the indictment.

We review de novo a district court's denial of a motion to dismiss based on the expiration of the statute of limitations. United States v. Hance, 501 F.3d 900, 905 (8th Cir. 2007). Because our Court has not directly ruled on the issue presented in this case, Hernandez-Madrid cites the Tenth Circuit's decision in United States v. Payne, 978 F.2d 1177 (10th Cir. 1992), cert. denied, 508 U.S. 950 (1993), in support of her position. In Payne, the defendant falsely represented his Social Security number to certain financial institutions from 1977 to 1984 in order to open various banking and investment accounts. The defendant received annual tax-reporting forms from the financial institutions reflecting the false Social Security number, but he had no other contact with them. And he did not contact those institutions to correct the false information. The Tenth Circuit held that the March 1991 indictment charging the defendant with violating § 408(a)(7)(B) was barred by the five-year statute of limitations. The court reasoned that the defendant's last false representation of his Social Security number for § 408(a)(7)(B) purposes occurred in 1984 when he last opened an account—seven years prior to the indictment. According to the Tenth Circuit, the defendant's repeated failures to correct the false Social Security number in tax-reporting forms he received during the statute-of-limitations period did not constitute new false representations by him under § 408(a)(7)(B). Rejecting the government's argument that "§ 408(a)(7)(B) is a continuing offense" committed each time the defendant "reaffirmed the social security numbers by failing to correct the 1099 forms he received from the payors," the Tenth Circuit concluded "that the crime is complete at the time of the representation." Id. at 1180.

-4-

Of course, our Court is not bound by the Tenth Circuit's interpretation of § 408(a)(7)(B), but even if we were, we would reject Hernandez-Madrid's argument because the facts in this case are easily distinguishable from those in <u>Payne</u>. In contrast to the defendant in <u>Payne</u>, Hernandez-Madrid did not simply fail to correct the false Social Security number she provided to the Fayetteville Sonic in April 2006. Rather, after quitting her job in August 2006, Hernandez-Madrid initiated new contact with the Fayetteville Sonic in September 2006 and presented herself as Marjori Guerrero, intending that Monk recognize her as his former employee and reinstate her in the computer-payroll system using the Marjori Guerrero name and Social Security number. Monk, recognizing Hernandez-Madrid as the Marjori Guerrero he had employed only a few weeks earlier and reasonably believing that the personal information she provided in the April 2006 employment-application process was still accurate, rehired Hernandez-Madrid under the same false identity by reversing the earlier termination in the computer-payroll system. Monk's testimony and Sonic employment records adequately establish that these events occurred after September 14, 2006, within the five-year limitations period. As noted by the District Court, had Monk required Hernandez-Madrid to complete the employment-application process again, she no doubt would have done so using the "Marjori Guerrero" identity. Given these unique circumstances, we conclude that Hernandez-Madrid made a new false representation of her Social Security number within the five-year statute-of-limitations period in violation of 42 U.S.C. § 408(a)(7)(B). Accordingly, the District Court properly denied Hernandez-Madrid's motion to dismiss Count One of the indictment, and we affirm.

_____